■ MICHAEL BERNARDO, an Infant, by His Father and Natural Guardian, CLEMENT BERNARDO, et al., Respondents, v MARY A. BARRETT, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Suffolk County (De Luca, J.), dated November 12, 1980, which, following a traverse hearing, denied her motion, pursuant to CPLR 3212 and 3211 (subd [a], par 8) to dismiss the complaint for lack of personal jurisdiction. Order reversed, on the law and the facts, with costs, and motion to dismiss the complaint granted. This is an action to recover damages, *inter alia,* for personal injuries alleged to have been sustained on August 13, 1974, as a result of the negligence of the defendant in the operation of her motor vehicle. Service was allegedly effectuated pursuant to the "nail and mail" provisions of CPLR 308 (subd 4) on July 11, 1977. In her answer, defendant asserted the affirmative defense of lack of personal jurisdiction, due to the lack of proper service. Upon defendant's motion to dismiss pursuant to CPLR 3212 and 3211 (subd [a], par 8), a traverse hearing was ordered. The evidence at the hearing established that the address to which a copy of the summons had been nailed and mailed, 203 Pidgeon Hill Road, was that of defendant's parents. Defendant's testimony revealed that she had moved out of her parents' home in February of 1975. Plaintiffs asserted that 203 Pidgeon Hill Road was defendant's "dwelling place or usual place of abode" (CPLR 308, subd 4), and that, therefore, service had been properly effected. In support of this contention, plaintiffs noted the following factors: (1) in her MV 104 report, dated August 5, 1977, and filed August 29, 1977, defendant listed her address as 203 Pidgeon Hill Road, and (2) plaintiffs' process server testified that on July 9, 1977, he spoke with defendant from behind a closed door, at 203 Pidgeon Hill Road. We note that Special Term's finding of fact that the MV 104 report was filed on May 8, 1977, is unsupported by the record. The report was dated August 5, 1977 and was filed on August 29, 1977. While plaintiffs are correct in asserting that the statements embodied in the MV 104 report may be considered as evidence of the facts asserted (*Welde v Wolfson,* 32 AD2d 973; *Carter v Castle Elec. Contr. Co.,* 26 AD2d 83), the evidence contained in this report was inherently self-contradictory. Although defendant did list her address as 203 Pidgeon Hill Road, she included the following statement at the foot of the report: "my name is now Mary Ann Eppich I reside at 16 Gaylore Dr. Hunt, N.Y. 11743". Defendant explained at the hearing the use of the Pidgeon Hill Road address, by noting that she believed that the report required her address at the time of the accident. This explanation is entirely consistent with the inclusion of her actual address at the base of the form. Since the reference to 203 Pidgeon Hill Road is of dubious evidentiary value, it does not support a finding that such address was defendant's "actual dwelling place" or "usual place of abode." Nor may plaintiffs assert reliance on that address in the MV 104 inasmuch as the motor vehicle report had not yet been made at the time of the alleged attempted service. The testimony of plaintiffs' process server is also insufficient to support such a conclusion. The terms "actual dwelling place," and "usual place of abode" imply a degree of permanence and stability (*Feinstein v Bergner,* 48 NY2d 234). A casual stay at a given location will not suffice (see *Burkhardt v Cuccuzza,* 81 AD2d 821). That plaintiffs' process server found defendant at that location on one occasion, will not support a conclusion that it was her "actual dwelling place," or "usual place of abode". Defendant introduced into evidence a bankbook, and a telephone bill from 1975, which listed her address as 16 Gaylore Drive, Huntington, New York.

Plaintiffs have failed to proffer any credible, substantive evidence which might establish that her contentions are untrue. The burden of proving in personam jurisdiction is on the party asserting it (*Lamarr v Klein,* 35 AD2d 248, affd 30 NY2d 757; *Ziperman v Frontier Hotel of Las Vegas,* 50 AD2d 581). We conclude that, as a matter of law, plaintiffs have failed to satisfy their burden. We have considered plaintiffs' other contentions and find them to be without merit. Damiani, J. P., Gibbons, O'Connor and Boyers, JJ., concur.