■ R. L. C. INVESTORS, INC., Respondent, v PAULINE ZABSKI et al., Appellants, et al., Defendant. — Order unanimously reversed, on the law and in the interest of justice, with costs to appellants, and appellants' motion granted. Memorandum: In this mortgage foreclosure action, Special Term erred in denying the motion of defendant Conway, obligor on the mortgage jointly with defendant Zabski, to reopen or vacate the default and set aside the foreclosure sale of the property to plaintiff, the mortgagee. Although plaintiff performed the mailing and delivery requirements for service on defendant Conway under CPLR 308 (2), it did not complete service by filing until the default judgment had already been taken. Until service was complete, defendant Conway's time to appear or answer did not begin to run (*see,* CPLR 320 [a]; 3012 [c]); thus, she was not in default at the time the default judgment was taken and the judgment is a nullity (*see, Marazita v Nelbach,* 91 AD2d 604; *Reporter Co. v Tomicki,* 60 AD2d 947; *Red Creek Natl. Bank v Blue Star Ranch,* 58 AD2d 983; McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1984-1985 Pocket Part, CPLR C308:2, p 172). We find no merit to plaintiff's contention that limited informal contacts with plaintiff by an attorney on behalf of defendant Conway in an effort to settle the matter out of court constitute an "appearance" such that defendant Conway may be said to have waived the defect in service (*see generally,* CPLR 320 [a]; *Matter of Jones v Coughlin,* 87 AD2d 953, 954; *Matter of Katz,* 81 AD2d 145, *affd* 55 NY2d 904; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:2, pp 363-364; McLaughlin, Supplementary Commentaries, McKinney's Cons Laws of NY, Book 7B, 1984-1985 Pocket Part, CPLR C320:2, p 246). In the interest of justice, we exercise our discretion to open the default against defendant Zabski as well. Accordingly, the judgment of foreclosure and all proceedings herein taken thereafter are vacated and plaintiff's cross motion for an order directing a determination of the deficiency is denied. (Appeal from order of Supreme Court, Herkimer County, Murphy, J. — vacate default judgment.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.