■ 2837 BAILEY CORPORATION, Respondent, v THOMAS GOULD, Appellant, et al., Defendant.—Order unanimously reversed on the law with costs and motion granted. Memorandum: Special Term erred in denying defendant's motion to vacate a default judgment entered against him for damages to plaintiff's property. Plaintiff sought to effect "nail and mail" service of process pursuant to CPLR 308 (4). Defendant challenged the propriety of the service and argued that the default judgment was void for lack of jurisdiction (CPLR 5015 [a] [4]).

To effect substituted service under CPLR 308 (4), the summons must be affixed to the door of defendant's "actual place of business, dwelling place or usual place of abode". Defendant averred that the place where the summons was affixed was not his place of business, dwelling place or usual place of abode at the time service was allegedly made. He also submitted documentary evidence that he was out of the country at that time and averred that he was then a resident of Ireland. In opposition to the motion, plaintiff tended to establish only that the summons was affixed to defendant's last known residence. The term "usual place of abode" may not be equated with the "last known residence" of the defendant *(Feinstein v Bergner,* 48 NY2d 234, 239). Absent proper service

to achieve jurisdiction, the default judgment is a nullity and must be vacated *(Feinstein v Bergner, supra; Sapienza v Haag,* 89 AD2d 816). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—vacate judgment.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.