■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY McGEE, Appellant. [618 NYS2d 204] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered on or about June 2, 1992, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.

■ LUISA MONTES, Respondent, v MYRNA SEDA, Appellant. [— NYS2d —] —Order, Supreme Court, New York County (Edward Lehner, J.), entered on or about May 20, 1993, which, after a traverse hearing, granted plaintiff's motion to dismiss defendant's affirmative defense of lack of jurisdiction, unanimously affirmed, without costs.

We agree with the IAS Court that the Manhattan address where plaintiff delivered a copy of the summons and complaint to defendant's daughter was defendant's "usual place of abode" within the meaning of CPLR 308 (2), as evidenced by the listing of that address on defendant's driver's license and the proof that she kept her belongings there. A different conclusion is not required by the fact that defendant was in prison serving an 18-month sentence at the time of such service, or that she may have lived with her boyfriend for several months before going to prison (see, Bernardo v Barrett, 87 AD2d 832, affd 57 NY2d 1006). We also agree with the IAS Court that Correction Law § 620 merely authorizes an alternative method of service on a prisoner. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.