■ NORTHEAST SAVINGS, F.A., Respondent, v JOSEPH PICARELLO, Appellant, et al., Defendants. FLORENCE NATIELLO, Intervenor-Respondent. [648 NYS2d 145] —In a mortgage foreclosure action, the defendant Joseph Picarello appeals from (1) a decision of the Supreme Court, Nassau County (McCabe, J.), dated April 17, 1995, which, *inter alia,* denied his motion to vacate a judgment of foreclosure and sale entered upon his default, and (2) an order of the same court, dated May 11, 1995, entered upon the decision.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the non-party intervenor-respondent is awarded one bill of costs.

The plaintiff bank commenced this action to foreclose a second mortgage on the premises of the appellant located at 2730 Court Street, North Bellmore, New York. On January 17, 1994, two copies of the summons and complaint were served on the appellant's wife and thereafter copies were mailed to the appellant at the above address. A judgment of foreclosure and sale was entered against the appellant upon his default. Subsequently, the appellant moved, inter alia, to vacate the default judgment. Following a hearing to determine the validity of service of process, the Supreme Court denied the appellant's motion. We affirm.

The evidence submitted in opposition to the appellant's motion and the evidence adduced at the hearing established that the appellant was served in accordance with the provisions of CPLR 308 (2). In particular, both the appellant and his sister, with whom he stayed, testified at the hearing that his absence was merely transient and ephemeral in nature. Although the appellant may have intended to ultimately establish a permanent residence elsewhere, he never did so. He kept many of his possessions, including his collection of vintage automobiles, at his North Bellmore residence. Furthermore, he never changed his address with the plaintiff bank, the post office, or the Department of Motor Vehicles, and never installed a telephone or obtained a new telephone number at his sister's address. Inasmuch as no degree of permanence and stability can be reasonably ascribed to such an accommodation, the appellant's North Bellmore residence remained his usual place of abode *(see, Feinstein v Bergner,* 48 NY2d 234, 239, n 3; *Bernardo v Barrett,* 87 AD2d 832, *affd* 57 NY2d 1006; *Smithtown Gen. Hosp. v Quinlivan,* 88 Misc 2d 1031, 1033; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.13).

The appellant's remaining contentions are not preserved for appellate review. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.