[658 NYS2d 689]

FEDERAL HOME LOAN MORTGAGE CORPORATION, Respondent, v
CARMINE L. VENTICINQUE, Appellant, et al., Defendant.

Second Department, June 16, 1997

## APPEARANCES OF COUNSEL

*Marti & Basile, P. C.,* Syosset *(Mark R. Basile* of counsel), for appellant.

## OPINION OF THE COURT

BRACKEN, J. P.

The appellant, Carmine Venticinque, resided with his wife in the marital home both before and after the date on which the summons and complaint in this action were served upon him in accordance with the terms of CPLR 308 (2). We hold that, under these circumstances, the marital home remained at all times his "usual place of abode" for the purposes of applying CPLR 308 (2), including that period of time during which he temporarily resided at another location as a result of unspecified marital difficulties. The order appealed from should therefore be affirmed.

The appellant was served pursuant to CPLR 308 (2) on June 25, 1992, when a copy of the summons and complaint in this action was delivered to 5 Victoria Road, North Babylon, New York, to a person of suitable age and discretion (the codefendant Mary Venticinque), and a copy of the summons and complaint was then mailed to that address in accordance with the statute. The present motion to vacate the judgment on the ground of lack of personal jurisdiction *(see,* CPLR 5015 [a] [4]) was based on Mr. Venticinque's affidavit, wherein he claimed that due to a "trial separation with [his] wife" he was not residing at the Victoria Road address on June 25, 1992. For the following reasons, we agree with the Supreme Court that these assertions, taken together with other statements made by Mr. Venticinque in his affidavit, did not warrant a hearing in connection with his motion to vacate the default judgment *(see,* CPLR 5015 [a] [4]).

CPLR 308 (2) states, in relevant part, that personal service may be made: "2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or *usual place of abode* of the person to be served and by either mailing the summons to the person

to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other" (emphasis supplied).

In *Feinstein v Bergner* (48 NY2d 234), the Court of Appeals acknowledged that the term "usual place of abode" was not necessarily equivalent to the term "actual dwelling place". To have held otherwise would have been to say that the statutory language is repetitious. The Court in *Feinstein v Bergner (supra)* held that neither of the two terms means "last known residence". Thus, process served at the defendant's "last known residence", when the defendant had in fact moved to another residence, was invalid. With respect to the meaning of the term "usual place of abode" the Court stated that this term implied a "degree of permanence and stability" *(Feinstein v Bergner, supra,* at 239, n 3).

In *Northeast Sav. v Picarello* (232 AD2d 384), the defendant in a foreclosure action had been served by substituted service at the mortgaged premises, where he had lived with his wife. At the time of service, he was living at his sister's residence. However, as revealed during a hearing, he had never moved all of his possessions out of the marital home, he had never changed his address with the post office, and he never installed his own phone line. The Court held that his residence in his sister's house had "no degree of permanence and stability" so that the marital residence (the mortgaged premises) remained his "usual place of abode" *(supra,* at 385; *see also, Cohen v Levy,* 50 AD2d 1039; *Smithtown Gen. Hosp. v Quinlivan,* 88 Misc 2d 1031).

The case of *Esposito v Billings* (103 AD2d 956), cited by the appellant, is distinguishable. There, service supposedly had been made upon the defendant under CPLR 308 (2) by serving her husband at the marital home on October 29, 1982. The record showed that the defendant had in fact been separated from her husband since September 23, 1980, more than two years prior to the purported service. Also, there was no proof in *Esposito* that the defendant ever moved back in with her husband after the separation *(see, Citibank v Keller,* 133 AD2d 63; *Prochillo v Acker,* 108 AD2d 800). By way of contrast, the present case involves a trial separation which did not last. Here,

we have a husband who lived with his wife both before the date of service and after the date of service; this alone, in our opinion, is enough to justify the conclusion that the marital home was the appellant's "usual place of abode" even during the time of his temporary absence.

Several out-of-State cases confirm the rule that one spouse's temporary absence from the marital home during a transitory period of marital difficulties does not mean that the marital home is no longer his or her "usual place of abode" for the purposes of making substituted service (*Source One Mtge. Servs. Corp. v Puglisi*, 1995 WL 356760 [Conn Super Ct, June 9, 1995, Silbert, J.]; *Galvin v Dailey*, 109 Iowa 332, 80 NW 420; *Missouri, K. & T. Trust Co. v Norris*, 61 Minn 256, 63 NW 634; *Kueffner v Gottfried*, 154 Minn 70, 191 NW 271; *Janney v Janney*, 350 Pa 133, 38 A2d 235; *see also*, Annotation, *Service—"Usual Place of Abode"*, 32 ALR3d 112). In *Source One Mtge. Servs. Corp. v Puglisi (supra*, at 2), the court stated, "[t]he defendant's affidavit establishes only that he was not living at the family home at the time the process was served. It gives the court no reason to conclude that his absence was anything other than temporary during the pendency of dissolution of marriage proceedings".

In *Rosa v Cantrell* (705 F2d 1208, 1216 [10th Cir], *cert denied* 464 US 821), the court stated, "it has been held that where a husband left his family home without clear evidence of intention to establish a domicil elsewhere * * * the family home continued as the husband's dwelling house" (citing *Second Natl. Bank v Gardner*, 171 Pa 267, 33 A 188). In *Berryhill v Sepp* (106 Minn 458, 460, 119 NW 404, 405), the court stated, "[i]n the case of a married man, the 'house of his usual abode' is prima facie the house wherein his wife and family reside" (*Missouri, K. & T. Trust Co. v Norris, supra*).

In light of this case law, it is clear that the term "usual place of abode" is not synonymous with "actual dwelling place", and that a married person who has provisionally moved out of the marital residence on a "trial" basis may still properly be considered to have the marital residence as his or her "usual place of abode". The question in the present case is whether the appellant Carmine Venticinque submitted sufficient proof to warrant a hearing on this issue.

Mr. Venticinque acknowledged that as of 1995 he had "lived in this house [5 Victoria Lane] since 1985, with the exception of a trial separation from my wife". He stated that he was not residing in the house as of June 25, 1992, the date of service,

but he did not specify the duration of this absence. Despite the submission of reply papers, he did not contradict the assertion by the attorney for the plaintiff that prior to July 7, 1996, he represented 5 Victoria Lane as his residence (asking for the reinstatement letter to be sent there) and he also did not contradict the assertion that in September 1992 he represented 5 Victoria Lane as his address in his first bankruptcy petition. By characterizing the separation from his wife as a "trial" one, Mr. Venticinque, in his own words, rebutted any possible inference that he had at any time given up on the idea of returning to 5 Victoria Lane as his permanent domicile.

Under the circumstances described above, we agree with the Supreme Court that the appellant was not entitled to a hearing on the issue of service. The order appealed from is affirmed.

COPERTINO, SANTUCCI and MCGINITY, JJ., concur.

Ordered that the order is affirmed, without costs or disbursements.