■ JOSEPH N. JANNACE, Respondent, v NELSON, L.P., et al., Appellants. [681 NYS2d 591] —In an action, *inter alia*, to recover possession of real property, the defendants Nelson, L.P. and Ultimate Car Sales separately appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered September 23, 1997, which denied their respective motions to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified (1) by deleting therefrom the provisions denying those branches of the defendants' respective motions which were to dismiss the portion of the complaint seeking to recover possession of the subject real property and substituting therefor provisions granting those branches of the motions, and (2) by deleting therefrom the provision which, in effect, denied that branch of the motion of the defendant Nelson, L.P. which was to dismiss the action insofar as asserted against it on the ground that it had not been properly served; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing as to whether proper service was effected upon Nelson, L.P.

While a proper affidavit of a process server attesting to personal delivery of a summons to a defendant is ordinarily sufficient to support a finding of jurisdiction (*see, Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139), the sworn denial of service by the agent of Nelson, L.P. renders the affidavit of service inconclusive, creating a factual question that must be resolved in a hearing (*see, Skyline Agency v Ambrose Coppotelli, Inc., supra; see also, Miller v Roche,* 227 AD2d 998). The Supreme Court should conduct a hearing to determine whether personal jurisdiction was obtained over Nelson, L.P.

With respect to those branches of the defendants' respective motions which were to dismiss the complaint for failure to state a cause of action, we find that the cause of action to recover possession of real property cannot stand. In order to maintain a cause of action to recover possession of real property, the plaintiff must (1) be the owner of an estate in fee, for life, or for a term of years, in tangible real property, (2) with a present or immediate right to possession thereof, (3) from which, or of which, he has been unlawfully ousted or disseised

by the defendant or his predecessors, and of which the defendant is in present possession (*see,* 13A Carmody-Wait 2d, NY Prac § 89.3, at 326-327; *see also,* 5 Warren's Weed, New York Real Property, Ejectment, § 6.01 [4th ed]). Insofar as there is an existing order in force appointing a temporary receiver and enjoining the plaintiff from entering on the subject property, the plaintiff has no present or immediate right to possession of the subject property. Therefore, the cause of action to recover possession of the subject property is dismissed.

The complaint, however, properly states a cause of action to recover damages resulting from the use and occupation of the subject property by Nelson, L.P. and its purported tenant, the defendant Ultimate Car Sales, during the time prior to the appointment of the temporary receiver. As to such claims, the defendants' respective applications to dismiss are denied.

The defendants' remaining contentions are without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.