■ KINGSLEY WALKES, Appellant, v WHITNEY G. BENOIT, Respondent. [684 NYS2d 533] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 2, 1998, which denied plaintiff's motion for default judgment and inquest, unanimously reversed, on the law, without costs, the motion default is granted, and the matter is remitted for inquest on the question of damages.

In this action by a passenger against the driver of a tour bus involved in an accident in New Jersey, the process server submitted an affidavit attesting to service of the summons and complaint by affixing and mailing at defendant's residence after duly diligent efforts at personal service (CPLR 308 [4]). A year later, in response to plaintiff's motion for default judgment, defendant countered that he was never personally served. But this denial was offered only in the form of an affirmation by his attorney and an affidavit from his employer's insurer, neither of whom had personal knowledge as to whether or not he had been personally served. Essentially, their argument was that defendant routinely forwarded all such papers to his employer and the latter's insurer, and that no such transfer of paperwork had taken place in this instance.

In order to rebut an affidavit of service and test the process at a traverse hearing, a defendant must personally contest the service on motion (see, National Union Fire Ins. Co. v Montgomery, 245 AD2d 150). The absence of such personal attestation further highlights defendant's failure to offer a meritorious defense and an excuse for not serving a timely answer (Keita v Ortega, 240 AD2d 156). Default judgment is warranted. Concur—Sullivan, J. P., Rosenberger, Wallach and Mazzarelli, JJ.