■ CC Home Lenders, Plaintiff, v Maria Cioffi et al., Defendants, and Joseph Cioffi, Sr., Respondent. Design Builders Group, Inc., Nonparty Appellant. [742 NYS2d 101] —In a mortgage foreclosure action, Design Builders Group, Inc., the subsequent purchaser of the property, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (LaCava, J.), dated June 18, 2001, as, upon an order of the same court, dated February 16, 2001, inter alia, granting the motion of the defendant Joseph Cioffi, Sr., among other things, to vacate so much of a judgment of foreclosure of the same court, dated July 5, 2000, as was against him upon his failure to appeal or answer and to deem the referee's deed dated October 19, 2000, null and void to the extent that it relates to the interest of Joseph Cioffi, Sr., in the subject premises, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, so much of the order dated February 16, 2001, as granted the motion of the defendant Joseph Cioffi, Sr., among other things, to vacate so much of the judgment of foreclosure dated July 5, 2000, as was against him and to deem the referee's deed dated October 19, 2000, null and void to the extent that it relates to the interest of Joseph Cioffi, Sr., in the subject premises, is vacated, the motion is denied, and the referee's deed insofar as it relates to Joseph Cioffi, Sr., is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court erred in finding that service of the summons and complaint upon the defendant Joseph Cioffi, Sr., pursuant to CPLR 308 (2) was improper because the marital residence was no longer his "usual place of abode." While it is clear that Cioffi left the marital residence approximately 40 days before service of process and moved in with his mother across town, he never established a permanent alternative "actual dwelling" or "usual place of abode." Indeed, Cioffi never notified the plaintiff bank, the post office, or the Department of Motor Vehicles of the new address. Further, Cioffi admitted that his estranged wife kept mail for him at the marital residence. Under these circumstances, the marital residence remained Cioffi's "usual place of abode" for the purpose of service of process pursuant to CPLR 308 (2) (see Feinstein v Bergner, 48 NY2d 234; Northeast Sav. v Picarello, 232 AD2d 384; Federal Home Loan Mtge. Corp. v Venticinque, 230 AD2d 412; see also Krechmer v Boulakh, 277 AD2d 288; Sunde v Anwar, 154 AD2d 589). Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.