■ RICHARD VITELLO, Respondent, v JOSEPH RIZZO, Appellant. [748 NYS2d 280] —In an action, inter alia, to recover damages for fraud, the defendant appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered July 17, 2001, which, after a hearing to determine the validity of service of process, denied that branch of his motion which was to vacate a judgment of the same court, entered January 24, 1996,

upon his default in answering the complaint on the ground that the court lacked personal jurisdiction over him.

Ordered that the order is affirmed, with costs.

The defendant moved to vacate a judgment entered January 24, 1996, upon his default in answering the complaint on the ground, inter alia, that the summons and complaint were not properly served in accordance with CPLR 308 (2). The proof elicited at the hearing to determine the validity of service of process established that the residence where the summons and complaint were served was the defendant's usual place of abode because his absence from the residence during a period of marital discord was only temporary (*see Federal Home Loan Mtge. Corp. v Venticinque,* 230 AD2d 412). There was no evidence to establish that his residence in his mother's house had any "degree of permanence and stability" (*see Northeast Sav. v Picarello,* 232 AD2d 384, 385; *CC Home Lenders v Cioffi,* 294 AD2d 325).

Accordingly, the defendant was served in accordance with CPLR 308 (2) and that branch of his motion which was to vacate the judgment for lack of personal jurisdiction was properly denied. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.