**CSC HOLDINGS, INC, Plaintiff,**

v.

**Ben FUNG, Defendant.**

No. CV 03–5854.

United States District Court,
E.D. New York.

Dec. 20, 2004.

---

Wu & Kao, P.L.L.C. by Frank Seiler, Esq., New York City, for Defendant.

Lefkowitz, Louis & Sullivan, L.L.P. by William E. Primavera, Esq., Jericho, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff CSC Holdings Corporation ("Plaintiff") commenced this action for violation of federal statutes that prohibit the unauthorized reception of cable television programming. Defendant Ben Fung ("Defendant") never filed an answer or other responsive pleading. As a consequence, a judgment of default was entered. Presently before the court is Defendant's motion, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, to set aside the judgment on the ground that it is void because of invalid service.

## BACKGROUND

### I. Factual and Procedural History

The complaint in this action was filed in November 2003. On December 13, 2003, Plaintiff served Defendant at 42 Barker Drive, Stony Brook, New York, (the "Barker Drive House"), an addressed presumed by Plaintiff to be Defendant's residence. That belief was based upon a document presently before the court indicating that a cable television decoding device was shipped to Defendant at that address.

Plaintiff served Defendant pursuant to Section 308(4) of New York State's Civil Practice Law and Rules ("Section 308(4)") by affixing a copy of the summons and complaint to the door of the Barker Drive House and mailing a copy of the papers to the same address. Defendant did not respond to the complaint by service of an answer. Instead, Defense counsel sent a letter dated January 9, 2004, to Plaintiff's counsel. That letter stated counsel's desire to resolve the case without "legal proceedings or unduly burdening the court."

It stated counsel's position that Defendant did not engage in any of the activities set forth in the complaint. Counsel requested that Plaintiff discontinue the action immediately or be faced with "the full panoply of sanctions." Despite Defense counsel's assertions as to the merits of the case, neither an answer, a motion to dismiss nor a motion for sanctions were ever filed.

The next court action in this matter was a conference held on August 3, 2004, before the Honorable E. Thomas Boyle, the Magistrate Judge assigned to this case. On that day, Magistrate Judge Boyle entered an order noting Defense counsel's assertions regarding the insufficiency of service. The order further noted that despite this assertion, counsel never filed an answer or motion properly raising this defense. In light of counsel's failure to place the issue of personal jurisdiction properly before the court, Magistrate Judge Boyle wrote that Plaintiff was "authorized to submit papers in support of a motion for default."

It appears that rather than seeking an immediate judgment of default, Plaintiff's counsel requested that Defense counsel accept service on behalf of his client. In a letter dated August 10, 2004, Defense counsel rejected that invitation and stated his intention to oppose any application for a default on the ground that service was invalid because Defendant had not lived at the place of service for over ten years.

Thereafter, Plaintiff moved for entry of a judgment of default and that motion was granted by this court on August 13, 2004. The parties were ordered to appear for an inquest on September 22, 2004. In a letter dated August 23, 2004, Defense counsel wrote to this court setting forth the intent to move to vacate the judgment of default. The court adjourned the September 22, 2004 inquest and, instead, ordered the par-

ties to appear for a pre-motion conference on September 8, 2004. The parties have now fully briefed the motion to set aside the judgment of default and that motion is presently before the court.

## DISCUSSION

### I. *Legal Principles*

#### A. *Rule 60(b)(4)*

■ The motion to set aside the judgment of default is made pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure ("Rule 60(b)(4)"). That rule provides that, on motion and "upon such terms that are just," a court may relieve a party from a final judgment if "the judgment is void." Fed.R.Civ.P. 60(b)(4). A defendant with notice of the proceedings bears the burden of establishing the claim that service was not properly effected. *Velez v. Vassallo*, 203 F.Supp.2d 312, 324–25.(S.D.N.Y.2002) *see also Sony Corp. v. Elm State Elec., Inc.*, 800 F.2d 317, 320 (2d Cir.1986); *Fubon Ins. v. China Express Co.*, 2004 WL 326193 *3 (S.D.N.Y.2004).

#### B. *CPLR Section 308(4)*

As noted, Plaintiff alleges that service was properly effected to CPLR Section 308(4). Section 308(4) provides for service upon an individual by affixing the summons and complaint to the door of either the individual's "dwelling place" or "usual place of abode" and by thereafter mailing those papers to the defendant's "last known residence."[1] Section 308(4) is a substitute method of service that is to be employed only after exercising due diligence to serve the defendant personally or by personal delivery to a person of suitable age and discretion at the defendant's actual place of business, dwelling place, or usual place of abode. *See* CPLR § 308(4).

For service to be proper under Section 308(4), process must be affixed to the defendant's "dwelling place" or "usual place of abode" and must be mailed to defendant's "last known residence." In *Feinstein v. Bergner*, 48 N.Y.2d 234, 422 N.Y.S.2d 356, 397 N.E.2d 1161 (1979), the New York Court of Appeals recognized the distinction between the statutory places of affixing and mailing, and strictly construed the requirement that each step of service pursuant to Section 308(4) occur at the designated place. In *Feinstein*, plaintiffs served defendant by affixing and thereafter mailing the summons and complaint to defendant's parents' home—his actual place of residence at the time of the incident that resulted in the lawsuit, but not at the time of service. Service was held invalid because while the summons and complaint were, indeed, mailed to defendant's "last known residence," the papers were not affixed to his usual place of abode. *Feinstein*, 48 N.Y.2d at 240–41, 422 N.Y.S.2d 356, 397 N.E.2d 1161. The fact that defendant received actual notice of the lawsuit when his father mailed him the summons and complaint made no difference to the holding. *See* 422 N.Y.S.2d at 359–60, 397 N.E.2d 1161. This is because "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court." *Id.*

#### C. *Creating an Issue of Fact as to Service*

■ Under New York law, the affidavit of a process server constitutes a *prima facie* case of proper service. In the absence of facts to the contrary, there is a presumption that service was properly effected. *Old Republic Ins. Co. v. Pacific Financial Servs. of Am., Inc.*, 301 F.3d 54,

---

**1.** CPLR 308(4) also provides for service at a place of business, which is not at issue here.

57 (2d Cir.2002). A defendant's sworn denial of service creates an issue of fact regarding the propriety of service and a hearing becomes necessary. *See, e.g., Jannace v. Nelson, L.P.,* 256 A.D.2d 385, 681 N.Y.S.2d 591 (2d Dep't 1998). No hearing is required, however, where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.,* quoting, *Simonds v. Grobman,* 277 A.D.2d 369, 716 N.Y.S.2d 692, 693 (2d Dep't 2000).

■ An affidavit of a non-party that challenges service but is not based on personal knowledge, is insufficient to rebut a process server's affidavit so as to require an evidentiary hearing. *See Simonds,* 716 N.Y.S.2d at 693. In *Walkes v. Benoit,* 257 A.D.2d 508, 684 N.Y.S.2d 533 (1st Dep't 1999), for example, the Appellate Division, First Department, sustained service and held that a hearing was not required where the only evidence submitted in support of the argument of improper service was that of defendant's insurer who stated that it was defendant's routine to forward all legal papers to the insurance company and that no such papers were ever received. Because the affidavit lacked personal knowledge as to whether defendant was actually served (as opposed to whether papers were forwarded to the insurer), the court held that the process server's affidavit was not properly rebutted and no hearing was required. *Id.* at 534.

## II. *Disposition of the Motion*

### A. *The Parties' Positions*

In support of its argument that service was proper, Plaintiff submits a process server's affidavit indicating a diligent attempt to serve Defendant or a person of suitable age and discretion at the Barker Drive House on three separate occasions. Having failed to accomplish such service, the affidavit indicates service pursuant to Section 308(4) by affixing the summons and complaint to the door of the Barker Drive House and thereafter properly mailing the process to that address.

Defendant does not dispute that service was made as set forth in the affidavit of the process server. It is argued, however, that this service is invalid because, at the time of service, the Barker Drive House was neither Defendant's dwelling place, usual place of abode nor last known residence.

In support of the motion, Defendant has submitted documents indicating that he is not the owner of the Barker Drive House. Also submitted by Defendant is the affidavit of Singhien Fong, the owner of the Barker Drive House (the "Fong Affidavit"). That affidavit states that the affiant, along with his wife, Thuc–Tinh Fung, are the owners of the house. The Fong Affidavit states that Defendant Ben Fung is a relative but that he did not and does not, reside at the Barker Drive House and, more particularly, that Ben Fung did not reside at the Barker Drive House on December 18, 2003, the date upon which service was made. Finally, the Fong Affidavit states that while Defendant is a relative, the affiant has no knowledge of his current address, but speaks to him on the telephone, has seen him at family gatherings and believes that he resides on Long Island.

Defendant has not submitted a personal affidavit attesting to his dwelling place, usual place of abode or residence, either at the time of service or at present. Thus, the only sworn testimony regarding the Defendant's residence as of the date of service is that of a non-party. While defense counsel states that Plaintiff's action is without merit, a proposed answer has not been submitted.

## B. *A Hearing is Necessary*

New York law makes clear that the affidavit of a defendant is essential to create an issue of fact requiring a hearing in cases where a defendant takes issue with a process server's affidavit of service. Equally clear, however, is the strict construction that courts must apply when construing the terms "usual place of abode" "dwelling place" and "last known residence," as used in Section 308(4). *Feinstein,* 422 N.Y.S.2d at 358, 397 N.E.2d 1161; *see 2837 Bailey Corp. v. Gould,* 143 A.D.2d 523, 533 N.Y.S.2d 34, 35 (4th Dep't 1988).

◼ Plaintiff here argues that no hearing is required because Defendant has failed to submit a personal affidavit regarding the propriety of service. While the court would agree that no hearing would be required if Defendant was taking issue only with the affidavit of the process server, the argument here is broader. Rather than question whether the process server acted diligently and thereafter served process pursuant to Section 308(4), Defendant argues that even assuming that such actions were taken, jurisdiction was never obtained because of his lack of contact with the Barker Drive House.

In view of the strict adherence required to the precise terms of Section 308(4), as set forth by the New York Court of Appeals, the court cannot sustain service in this matter without a hearing. Accordingly, the court orders that a hearing be held to determine the facts of Defendant's usual place of abode and/or dwelling place and last known residence as of the date of service. Because this will be a hearing pursuant to Rule 60(b), Defendant will bear the burden of proof. At least one issue to be determined will be whether the Barker Drive House or another address is a place where Defendant established a home with a "degree of permanence and stability." *See Feinstein,* 422 N.Y.S.2d at 358 n. 3, 397 N.E.2d 1161; *Northeast Savings, F.A. v. Picarello,* 232 A.D.2d 384, 648 N.Y.S.2d 145, 146 (2d Dep't 1996); *see also Vitello v. Rizzo,* 298 A.D.2d 452, 748 N.Y.S.2d 280, 280 (2d Dep't 2002).

◼ The court notes that the mere fact that Defendant was not an owner of the Barker Drive House is not dispositive of any issue. An individual may not own, or even spend the majority of his time, at a home that may, nonetheless, be found to constitute a dwelling place or usual place of abode within the meaning of Section 308(4). *See, e.g., Krechmer v. Boulakh,* 277 A.D.2d 288, 715 N.Y.S.2d 253, 254 (2d Dep't.2000) (defendant, a resident of Moscow, was found to have maintained a dwelling place or usual place of abode at a home in New York despite fact that he stayed at the home only "sporadically"); *see also Litton Loan Servicing, L.P. v. Vasilatos,* 7 A.D.3d 580, 777 N.Y.S.2d 165, 166–67 (2d Dep't 2004) (service sustained in New York home where defendant, who lived in Greece, maintained a post office box, telephone, received mail and kept furniture at the New York home).

◼ Additionally, temporarily leaving a place of abode, without thereafter establishing a different dwelling place or abode, may result in a finding that the initial place of abode remains so for the purpose of service pursuant to Section 308(4). *See Federal Home Loan Mortgage Corp. v. Venticinque,* 230 A.D.2d 412, 658 N.Y.S.2d 689, 690 (2d Dep't 1997) (service sustained at marital residence where defendant left marital home for trial separation but did not establish a new dwelling place or usual place of abode); *Montes v. Seda,* 208 A.D.2d 388, 626 N.Y.S.2d 61, 61 (1st Dep't 1994) (usual place of abode evidenced by listing of address on driver's license and

proof that belongings were kept at place of service).

*CONCLUSION*

A hearing is required to determine the merits of Defendant's Rule 60(b) motion. The parties are directed to contact the court, within two weeks of the date of this order, for the purpose of scheduling the hearing contemplated herein. The motion is denied without prejudice to renewal after a hearing to determine the issues set forth in this memorandum and order. The Clerk of the Court is directed to terminate the motion at this time.

SO ORDERED.