■ Gail T. Dunn et al., Respondents, v Leighton R. Burns, as Administrator of the Estate of Salim Mansour Braick, M.D., Deceased, Appellant. [839 NYS2d 894]—

Appeal from an order of the Supreme Court, Oneida County (Robert F. Julian, J.), entered September 28, 2004. The order denied defendant's motion to vacate the default judgment entered February 3, 2004 and to compel plaintiffs to accept service of the answer.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the judgments entered February 3, 2004 and March 31, 2004 are vacated and plaintiffs are directed to accept service of the answer sworn to May 28, 2004.

Memorandum: Salim Mansour Braick, M.D. (decedent) was a board certified physician specializing in obstetrics and gynecology who treated Gail T. Dunn (plaintiff) during the year 2001. In September 2002 plaintiff requested her file from decedent and, in August 2003, plaintiffs' attorney sent decedent a letter informing him that his treatment of plaintiff was a departure from the standard of care and the proximate cause of injuries sustained by plaintiff. In the letter, plaintiffs' attorney asked decedent to provide a copy of the letter to his insurance carrier and asked decedent to contact plaintiffs' attorney or to have his attorney do so. Decedent mailed the letter to his insurance company but, by letter dated August 26, 2003, decedent's insurance company disclaimed coverage.

Plaintiffs commenced this medical malpractice action on December 2, 2003. On December 22, 2003, a process server delivered a copy of the summons and complaint to decedent's "common law" wife at the home where decedent had resided for the past 15 years with his "common law" wife and children. Second copies of the summons and complaint were then mailed to that same address. Decedent did not respond to the summons and complaint.

Supreme Court granted plaintiffs' motion for a default judgment, and the judgment was entered February 3, 2004. It is undisputed that the default judgment was entered prematurely inasmuch as the time within which decedent had to answer the complaint or to appear did not expire until February 9, 2004. Thus, at the time the default judgment was entered, decedent was not yet in default. As plaintiffs correctly concede, the initial default judgment is a "nullity."

By the premature default judgment, the court adjudged that plaintiffs are entitled to judgment against decedent and scheduled a hearing on damages. Decedent was given no notice of that hearing, and a second default judgment was entered on March 31, 2004, awarding plaintiffs damages in the amount of $820,000.

By order to show cause filed on May 6, 2004, decedent moved to vacate the first default judgment and to compel plaintiffs to accept service of his answer. We conclude that the court erred in denying that motion. We note that decedent died following entry of the order denying his motion, and the administrator of decedent's estate has been substituted as the defendant.

Contrary to defendant's contention, the court had personal jurisdiction over decedent. CPLR 308 (2) permits substituted service by delivery of the summons and complaint "to a person of suitable age and discretion at the actual place of business,

dwelling place or usual place of abode of the person to be served" and by mailing a copy by first class mail to, inter alia, the person's "last known residence." Here, plaintiffs complied with CPLR 308 (2) and thus the court had personal jurisdiction over decedent. Although decedent had become employed in the United Arab Emirates and contended that he had moved there permanently as of August 19, 2003, he failed to establish an intent to reside there permanently. Indeed, he never provided the court with an address for a residence there. Decedent continued to own and maintain the New York residence, never changed his address with the post office and continued to refer to the New York residence as his home. Thus, decedent failed to establish that, at the time of service, he had permanently moved from the last known residence (see Litton Loan Servicing, LP v Vasilatos, 7 AD3d 580, 581 [2004]; Vitello v Rizzo, 298 AD2d 452 [2002]; Northeast Sav. v Picarello, 232 AD2d 384 [1996]; Federal Home Loan Mtge. Corp. v Venticinque, 230 AD2d 412, 415-416 [1997]; cf. Feinstein v Bergner, 48 NY2d 234, 239-241 [1979]; 2837 Bailey Corp. v Gould, 143 AD2d 523 [1988]).

We agree with defendant, however, that the errors affecting the first default judgment require vacatur of the second default judgment as well. The parties and the court have acknowledged that, because the first default judgment was entered prematurely, it is a "nullity" and must be vacated "regardless of any showing of [a] meritorious defense by defendant" (Red Creek Natl. Bank v Blue Star Ranch, 58 AD2d 983, 984 [1977]; see Firemen's Fund Ins. Co. v Dietz, 110 AD2d 1083 [1985]; R. L. C. Invs. v Zabski, 109 AD2d 1053 [1985]). We reject plaintiffs' contention that the defect affecting the first default judgment does not affect the validity of the second default judgment. Once the first default judgment is determined to be a nullity, "all proceedings . . . taken thereafter [must be] vacated" (R. L. C. Invs., 109 AD2d at 1053). The hearing on damages was ordered by a judgment that is a nullity and, in similar situations, courts have held that defects nullifying an initial judgment cannot be cured by subsequent proceedings (see e.g. Beltre v Babu, 32 AD3d 722, 723 [2006]; Wolf v 3540 Rochambeau Assoc., 234 AD2d 6 [1996]; McMullen v Arnone, 79 AD2d 496, 499 [1981]). Thus, in the absence of a valid default judgment, the court lacked authority to conduct the hearing on damages.

We therefore reverse the order, grant the motion, vacate both default judgments and direct plaintiffs to accept service of the answer. Based on our resolution of these issues, we see no need to address defendant's remaining contentions. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.