ARGENT MORTGAGE COMPANY, LLC, Respondent, v CHRISTOPHER J. VLAHOS, Appellant, et al., Defendants. [887 NYS2d 225]—

In an action to foreclose a mortgage, the defendant Christopher J. Vlahos appeals from an order of the Supreme Court, Suffolk County (Sgroi, J.), dated July 11, 2008, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale dated June 19, 2007, entered against him upon his default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

The appellant's motion pursuant to CPLR 5015 (a) (4) to vacate the judgment of foreclosure and sale, entered against him upon his default in appearing or answering, was properly denied. Contrary to the appellant's contention, the affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (*see 425 E. 26th St. Owners Corp. v Beaton,* 50 AD3d 845, 846 [2008]; *Olesniewicz v Khan,* 8 AD3d 354, 355 [2004]). Furthermore, the evidence submitted by the appellant in support of his motion was insuf-

ficient to raise a triable issue of fact as to whether the marital residence where process was served was no longer his "usual place of abode." While the appellant presented evidence that he had lived in Florida for business purposes during the $3^1/_2$ years prior to the service of process, there was no evidence that his residence in Florida had any degree of permanence and stability (*see Federal Home Loan Mtge. Corp. v Venticinque,* 230 AD2d 412, 414-415 [1997]). The appellant never changed his address with the post office or the Department of Motor Vehicles, and admittedly never obtained a new telephone number (*see Litton Loan Servicing, LP v Vasilatos,* 7 AD3d 580, 581 [2004]; *Vitello v Rizzo,* 298 AD2d 452, 453 [2002]; *CC Home Lenders v Cioffi,* 294 AD2d 325 [2002]; *Northeast Sav. v Picarello,* 232 AD2d 384, 385 [1996]). Although the appellant's wife claimed that the appellant had abandoned her, she admitted that the appellant visited her every year in New York and had returned to the marital residence both before and after the date of service (*see Federal Home Loan Mtge. Corp. v Venticinque,* 230 AD2d at 415). Under these circumstances, the marital residence remained the appellant's "usual place of abode" for the purpose of service of process pursuant to CPLR 308 (4) (*cf. Feinstein v Bergner,* 48 NY2d 234, 239 [1979]; *Vitello v Rizzo,* 298 AD2d 452, 453 [2002]; *CC Home Lenders v Cioffi,* 294 AD2d 325 [2002]; *Northeast Sav. v Picarello,* 232 AD2d 384 [1996]; *Federal Home Loan Mtge. Corp. v Venticinque,* 230 AD2d 412 [1997]).

Even if the appellant's motion were treated as one made pursuant to CPLR 317 (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 143 [1986]; *Mann-Tell Realty Corp. v Cappadora Realty Corp.,* 184 AD2d 497, 498 [1992]), the appellant did not allege, and the record does not establish, inter alia, that he did not personally receive notice of the summons in time to defend the action (*see General Motors Acceptance Corp. v Grade A Auto Body, Inc.,* 21 AD3d 447 [2005]; *96 Pierrepont v Mauro,* 304 AD2d 631 [2003]; *Fennell v Mason,* 204 AD2d 599 [1994]). In addition, there was no showing of a meritorious defense. In reaching this determination, we have not considered evidence which is dehors the record with respect to the order appealed from (*see Bladykas v County of Nassau,* 47 AD3d 652 [2008]; *Krzyanowski v Eveready Ins. Co.,* 28 AD3d 613 [2006]; *Haqq v Synergy Gas,* 256 AD2d 442, 443 [1998]). Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.