■ HENDRA WARGO, Appellant, v PAUL HENRI JEAN et al., Defendants, and WILMINGTON FINANCE, a Division of AIG FEDERAL SAVINGS BANK, Respondent. (Action No. 1.) WILMINGTON FINANCE, a Division of AIG FEDERAL SAVINGS BANK, Respondent, v PAUL JEAN, Defendant, and HENDRA WARGO, Appellant. (Action No. 2.) [910 NYS2d 506]—

In related actions, inter alia, to set aside a conveyance of real property on the ground of fraud and to foreclose a mortgage, Hendra Wargo, the plaintiff in action No. 1 and a defendant in action No. 2, appeals (1) from an order of the Supreme Court, Orange County (Giacomo, J.), dated January 2, 2008, which denied her motion to stay all proceedings in action No. 2 pending the resolution of action No. 1, and (2), as limited by her

brief, from so much of an order of the same court (Slobod, J.), dated June 3, 2009, as granted the motion of Wilmington Finance, a division of AIG Federal Savings Bank, a defendant in action No. 1 and the plaintiff in action No. 2, to dismiss the complaint insofar as asserted against it in action No. 1 pursuant to CPLR 3211 (a) (5) as barred by the doctrine of res judicata.

Ordered that the order dated January 2, 2008, is reversed, on the law, the motion of Hendra Wargo in action No. 2 to stay all proceedings in that action pending the resolution of action No. 1 is granted, and the sale and transfer of the subject real property are stayed pending the resolution of action No. 1; and it is further,

Ordered that the order dated June 3, 2009, is reversed insofar as appealed from, on the law, the motion of Wilmington Finance, a division of AIG Federal Savings Bank, to dismiss the complaint insofar as asserted against it in action No.1 pursuant to CPLR 3211 (a) (5) as barred by the doctrine of res judicata is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

Hendra Wargo, the plaintiff in action No. 1 (hereinafter the fraud action) and a defendant in action No. 2 (hereinafter the foreclosure action), was the owner of real property located on Shin Hollow Road in Port Jervis. Paul Jean, a defendant in both actions, allegedly forged Wargo's signature on a contract of sale and a deed, and fraudulently obtained her property. He obtained a mortgage loan from Wilmington Finance, a division of AIG Federal Savings Bank (hereinafter Wilmington), a defendant in the fraud action and the plaintiff in the foreclosure action. Wargo commenced the fraud action, alleging that Jean, and others involved in the sale of her property, had defrauded her. She later amended her complaint to add Wilmington as a party defendant in the fraud action, alleging that Wilmington was negligent in giving Jean a mortgage loan, and that Wilmington acted in concert with Jean to defraud her.

Jean defaulted on the mortgage and, approximately five months after the commencement of the fraud action, Wilmington commenced the foreclosure action against Jean and Wargo. Wargo counterclaimed, alleging essentially the same claims as she had asserted against Wilmington in the fraud action. Wilmington moved for summary judgment on the complaint in the foreclosure action, arguing that Wargo's counterclaims alleging negligence and fraud were irrelevant to the foreclosure action. Wargo separately moved to stay all proceedings in the foreclosure action, pending resolution of the fraud action. Wilmington's motion was granted in an order dated December 7, 2007. In an

order dated January 2, 2008, the Supreme Court denied Wargo's motion to stay all proceedings in the foreclosure action, pending the resolution of the fraud action. Wilmington then moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it in the fraud action, arguing that Wargo's claims against it were barred by res judicata because they had been litigated in the foreclosure action. In an order dated June 3, 2009, the Supreme Court, inter alia, granted Wilmington's motion to dismiss the complaint in the fraud action insofar as asserted against it. Wargo appeals from both the order denying her motion to stay the foreclosure action, and so much of the order dated June 3, 2009, as dismissed the complaint in the fraud action insofar as asserted against Wilmington.

Since, at the time Wilmington moved for summary judgment on the complaint in the foreclosure action, the issues of forgery and fraud were also being litigated in the fraud action, the Supreme Court should have granted Wargo's motion to stay all proceedings in the foreclosure action, pending resolution of the fraud action. If Wargo succeeds in proving that the documents transferring the property to Jean were fraudulent, or that the signatures thereon were forged, then Wilmington's mortgage is not valid and Wilmington cannot succeed in the foreclosure action (*see Johnson v Melnikoff*, 65 AD3d 519, 520 [2009]; *GMAC Mtge. Corp. v Chan*, 56 AD3d 521, 522 [2008]). Moreover, since the Supreme Court did not determine in the foreclosure action that there was no forgery or fraud, but only that the issues of forgery and fraud were irrelevant to the disposition of that action, those issues have not been necessarily decided against Wargo. Accordingly, the doctrine of res judicata is inapplicable, and the Supreme Court should not have granted Wilmington's motion to dismiss the complaint in the fraud action on that ground (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.