Tribeca Lending Corp., Appellant-Respondent, v Linda Crawford, Respondent-Appellant, et al., Defendants. [916 NYS2d 116]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated November 20, 2009, as, upon denying

the motion of the defendant Linda Crawford, inter alia, pursuant to CPLR 5015 and 317 to vacate a judgment of foreclosure and sale of the same court entered August 10, 2006, upon her default in answering, sua sponte, stayed enforcement of the judgment of foreclosure and sale pending the determination of a subsequently commenced federal action entitled *Crawford v Franklin Credit Mgt. Corp.*, pending in the United States District Court for the Southern District of New York under docket No. 08-CV-6293, and the defendant Linda Crawford cross-appeals from so much of the same order as denied her motion, among other things, pursuant to CPLR 5015 and 317 to vacate the judgment of foreclosure and sale.

Ordered that on the Court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the facts and as an exercise of discretion; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied that branch of the motion of the defendant Linda Crawford (hereinafter the defendant) which was pursuant to CPLR 5015 (a) (4) to vacate a judgment of foreclosure and sale. In this regard, the process server's affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Beneficial Homeowner Serv. Corp. v Girault*, 60 AD3d 984 [2009]; *Hamlet on Olde Oyster Bay Homeowners Assn., Inc. v Ellner*, 57 AD3d 732 [2008]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]). The defendant failed to rebut this presumption. Even if, at the time of service, the defendant was temporarily living in the Dominican Republic, there is no evidence that her residence there had any degree of permanence and stability. Rather, under the circumstances, the address at which service of process was made, which the defendant represented as her address in 2006 and 2007 bankruptcy filings and in an amended complaint filed in the federal action, continued to be her "dwelling place or usual place of abode" for the purpose of service of process pursuant to CPLR 308 (2) (*see Argent Mtge. Co., LLC v Vlahos*, 66 AD3d 721, 722 [2009]; *Litton Loan Servicing, LP v Vasilatos*, 7 AD3d 580, 581 [2004]; *Northeast Sav. v Picarello*, 232 AD2d 384, 385 [1996]).

Moreover, the defendant was not entitled to vacatur pursuant to CPLR 317 since she failed to demonstrate that she did not receive notice of this action in time to defend (*see Sturino v*

*Nino Tripicchio & Son Landscaping*, 65 AD3d 1327 [2009]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]; *Guayara v First Rockaway Coast Corp.*, 35 AD3d 659, 660 [2006]).

The Supreme Court also properly denied those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (1) to vacate the judgment of foreclosure and sale, as she failed to demonstrate a reasonable excuse for her default (*see Levi v Levi*, 46 AD3d 519, 520 [2007]; *Mjahdi v Maguire*, 21 AD3d 1067, 1068 [2005]), and pursuant to CPLR 5015 (a) (3), since she failed to establish that the plaintiff procured the judgment of foreclosure and sale by fraud, misrepresentation, or other misconduct (*see* CPLR 5015 [a] [3]; *Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc.*, 27 AD3d 608, 609 [2006]; *Badgett v Badgett*, 2 AD3d 379 [2003]; *Feldstein v Rounick*, 295 AD2d 398, 399 [2002]; *Cofresi v Cofresi*, 198 AD2d 321, 321-322 [1993]).

The Supreme Court improvidently exercised its discretion in, sua sponte, staying enforcement of the judgment of foreclosure and sale pending the determination of a subsequently-commenced federal action. This action and the federal action do not share "complete identity of parties, claims, and reliefs sought" (*Green Tree Fin. Servicing Corp. v Lewis*, 280 AD2d 642, 643 [2001]; *see* CPLR 2201; *Winters Bros. Recycling Corp. v H.B. Millwork, Inc.*, 72 AD3d 942 [2010]; *Bennell Hanover Assoc. v Neilson*, 215 AD2d 710, 711 [1995]). Moreover, the amended complaint in the federal action was filed almost three years after commencement of this foreclosure action, and only after the dismissal of two bankruptcy proceedings which had twice operated to stay proceedings in this action. These facts weigh against the Supreme Court exercising its discretion to stay enforcement of the judgment of foreclosure and sale (*cf. Wargo v Jean*, 77 AD3d 919 [2010]; *Trinity Prods., Inc. v Burgess Steel LLC*, 18 AD3d 318 [2005]; *Research Corp. v Singer-Gen. Precision*, 36 AD2d 987 [1971]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.