PV Holding Corp. v Fernandez (2024 NY Slip Op 02509)

PV Holding Corp. v Fernandez

2024 NY Slip Op 02509

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 160035/20 Appeal No. 2213 Case No. 2023-00761 

[*1]PV Holding Corp., et al., Respondents,
v
Alexander Fernandez, Defendant, Ana De Los Santos etc., et al., Nominal-Defendants-Appellants, Bladmir Garcia, et al., Nominal Defendants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J, Isaac of counsel), for appellants.
Kahana Feld, LLP, New York (Michael J. Curtis of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered January 5, 2023, which, insofar as appealed from, granted plaintiffs PV Holding Corp., Avis Budget Car Rental, LLC, and Budget Rent A Car System, Inc.'s motion pursuant to CPLR 3215 for a default judgment against defendant Alexander Fernandez to the extent that the matter was referred to a special referee to determine whether Fernandez had permission to use the subject vehicle, and denied nominal defendants Ana De Los Santos, individually and on behalf of L.M., an infant, Ana Y. Osorio, and Estaisi Sanchez's summary judgment motion declaring, among other things, that plaintiffs are liable for Fernandez's actions, unanimously affirmed, without costs.
This appeal is concerned with a traffic accident where a vehicle operated by defendant Fernandez struck the rear of another vehicle. At the time of the accident, Fernandez worked as a service agent for plaintiff Avis Budget Car Rental, LLC (Avis). The vehicle was registered to plaintiff PV Holding, Corp., a subsidiary of Avis, and the title holder for vehicles rented to the public through plaintiff Budget Rent A Car System, Inc. Nominal defendant Elizabeth Matos Vicioso was a passenger in Fernandez' vehicle. Nominal defendants Ana De Los Santos, individually and on behalf of L.M., an infant, Ana Y. Osorio, and Estaisi Sanchez (the Santos defendants), were passengers in the rear-ended vehicle operated by nominal defendant Bladimir Garcia and owned by Leonard Sandoval. Nominal defendant Angelina Wing Yan Ngo operated a separate vehicle owned by Ranjit Chittibabsuriya also allegedly involved in the accident.
Plaintiffs commenced this action for declaratory relief against Fernandez, and included, as nominal defendants, the Santos defendants. Plaintiffs alleged that Fernandez had non-permissive use of the subject vehicle based on company policy. Plaintiffs sought a declaratory judgment declaring, among other things, that Fernandez' non-permissive use of the vehicle absolved them of vicarious liability for the accident pursuant to Vehicle and Traffic Law § 388(1). Since neither party discusses the Graves Amendment (49 USC § 30106), we do not rely on it in this decision.
The motion court properly denied the Santos defendants' summary judgment motion as it was premature as to Fernandez' liability (see CPLR 3213[f]). Conflicting testimony as to whether Fernandez had permission to use the vehicle raise issues of fact that preclude summary judgment. Fernandez testified that he followed company policy to rent the vehicle, but Laura Perez, a Unit Manager for plaintiffs, testified that no rental agreement existed, which is completed when anyone rents a vehicle (see Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]).
The motion court also properly determined that Fernandez was properly served in the action. Plaintiffs submitted an affidavit of service from their process server, which constitutes prima facie evidence of proper [*2]service (see Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008]). Fernandez' deposition testimony that he did not live at his sister's residence was insufficient to rebut the presumption of proper service where Fernandez did not personally contest service (see Walkes v Benoit, 257 AD2d 508, 508 [1st Dept 1999]).
We have considered the Santos defendants' remaining arguments and find them either unavailing or improperly before this Court. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024