■ GARRICK-AUG ASSOCIATES STORE LEASING, INC., Appel-lant, v SHEFA LAND CORP., Respondent. [704 NYS2d 62] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered August 25, 1999, granting defendant's motion to vacate a default judgment against it in the amount of $1,582,207.39, and denying plaintiff's cross motion for partial summary judg-ment, unanimously modified, on the facts, to impose as a condi-tion of vacatur of the default that defendant post an undertak-ing in the amount of $250,000, and otherwise affirmed, without costs.

The motion court was not bound by the Referee's recommendation and its determination, based on a review of the hearing transcript, that defendant did not deliberately avoid service, is supported by the record (*see, Barrett v Stone*, 236 AD2d 323). The court appropriately exercised its discretion in vacating the default judgment (*see, Frenchy's Bar & Grill v United Intl. Ins. Co.*, 251 AD2d 177). Defendant moved promptly, one week after judgment was entered, to vacate its default, has demonstrated a meritorious defense and plaintiff can claim no prejudice. Plaintiff concededly has no rights under the parties' expired exclusive agency agreement since the agreement makes no provision for post-termination protection of the broker (*Williams Real Estate Co. v Ann Taylor, Inc.*, 251 AD2d 230, *lv denied* 93 NY2d 805). While plaintiff alleges that it had a subsequent oral agreement entitling it to the commissions claimed, it has failed to specify the terms of the agreement and there is no allegation that defendant agreed to pay a much higher commission rate than the rate in the expired written agreement. Contrary to plaintiff's contention, the lease between defendant and its tenant, which recognizes plaintiff's services in bringing about the lease, does not entitle plaintiff to the commissions claimed since the very existence of the oral agreement is disputed by defendant (*cf., Helmsley-Spear, Inc. v New York Blood Ctr.*, 257 AD2d 64). Thus, while the record evidence suggests that plaintiff may have been a procuring cause of the lease and, as such, would be entitled to compensation on a quantum meruit basis (*see, Gordon Co. v Peninsula N. Y. Partnership*, 245 AD2d 189), there is no evidence that plaintiff is entitled to commissions in the judgment amount. Concur—Williams, J. P., Tom, Rubin and Andrias, JJ.