■ BANK ONE NATIONAL ASSOCIATION, Formerly Known as FIRST NATIONAL BANK OF CHICAGO, as Trustee, Respondent, v MICHELLE NAPIER OSORIO, Appellant, et al., Defendants. [811 NYS2d 416]—

In an action to foreclose a mortgage, the defendant Michelle Napier Osorio appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated October 19, 2004, as, after a hearing to determine the validity of service of process, denied that branch of her motion made jointly with the defendants Aaron Napier and Mark Napier, which was to vacate as against her a judgment of foreclosure and sale dated September 5, 2003, entered upon her default in answering or appearing, and to set aside the foreclosure sale of the property pursuant to the judgment, based upon lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law and facts, with costs, that branch of the motion which was to vacate as against the appellant the judgment of foreclosure and sale dated September 5, 2003, entered upon her default in appearing or answering, and to set aside the foreclosure sale of the property pursuant to the judgment based upon lack of personal jurisdiction is granted, the judgment of foreclosure and sale is vacated insofar as against the appellant, and the foreclosure sale is set aside.

The defendant Michelle Napier Osorio (hereinafter the appellant) moved jointly with the defendants Aaron Napier and Mark Napier, inter alia, to vacate as against her a judgment of foreclosure and sale entered upon her default in answering or appearing, and to set aside a subsequent sale of the mortgaged property, based upon lack of personal jurisdiction. She argued that she had not been validly served. After a hearing to determine the validity of service of process, the Supreme Court, inter alia, found that service had been validly made upon her pursuant to CPLR 308 (2) and denied relief. We reverse.

The appellant proffered unrebutted proof that the place at which she was purportedly served pursuant to CPLR 308 (2) was neither her actual dwelling nor her usual place of abode (*see Feinstein v Bergner*, 48 NY2d 234 [1979]; *CC Home Lenders v Cioffi*, 294 AD2d 325 [2002]). Further, there was no basis to estop her from denying the validity of such service (*see Feinstein v Bergner, supra*; *Bank of N.Y. v Vandermeulen*, 10 AD3d 624 [2004]; *Bank of N.Y. v MacPherson*, 301 AD2d 485 [2003]). Consequently, the judgment of foreclosure and sale must be vacated as against the appellant for lack of personal jurisdiction and the foreclosure sale must be set aside (*see Hirsch v Syrota's Auto Wreckers*, 211 AD2d 621 [1995]).

In light of our determination, the appellant's remaining contentions need not be addressed. We do not reach any arguments made as to the nonappealing defendants.

We note that in order to grant full relief to the appellant we must grant relief to nonappealing parties by setting aside the foreclosure sale of the subject property (*see Hecht v City of New York*, 60 NY2d 57 [1983]). Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.