■ In Ja Kim et al., Respondents, v Dong Hee Han, Appellant. [830 NYS2d 345]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant appeals from (1) an order of the Supreme Court, Queens County (Schulman, J.), entered March 9, 2006, which denied his motion pursuant to CPLR 5015 (a) (4) to vacate a judgment of the same court (LeVine, J.), entered February 9, 2004, upon his default in answering or appearing, and to dismiss the complaint pursuant to CPLR 3211 (a) (8), and (2) an order of the same court (Schulman, J.), entered October 17, 2006, which denied his motion, in effect, for leave to reargue.

Ordered that the order entered March 9, 2006 is reversed, on the law, the motion pursuant to CPLR 5015 (a) (4) to vacate the judgment and to dismiss the complaint pursuant to CPLR 3211 (a) (8) is granted; and it is further,

Ordered that the appeal from the order entered October 17, 2006 is dismissed, as no appeal lies from an order denying a motion, in effect, for leave to reargue; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court erred in denying the defendant's motion pursuant to CPLR 5015 (a) (4) to vacate the judgment entered February 9, 2004 upon his default in answering or appearing, and to dismiss the complaint pursuant to CPLR 3211 (a) (8). The purported service of process under CPLR 308 (4) was defective and personal jurisdiction was not acquired over the defendant since the plaintiffs attempted to serve the defendant at an address that was never the defendant's dwelling place or usual place of abode (*see Tetro v Tizov,* 184 AD2d 633 [1992]; *Ariowitsch v Johnson,* 114 AD2d 184, 185-186 [1986]; *cf. Bank One Natl. Assn. v Osorio,* 26 AD3d 452, 453 [2006]; *Steele v Hempstead Pub Taxi,* 305 AD2d 401, 402 [2003]). Under these circumstances, the plaintiff's contention that the defendant should be estopped from denying the validity of service is without merit.

The plaintiffs' remaining contentions are without merit. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.