■ DAVID STILLMAN, Respondent, v CITY OF NEW YORK et al., Defendants, and SCOTT ST. JOHN, Appellant. [834 NYS2d 115]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered August 26, 2005, which, upon granting plaintiff's motion to confirm the report of a special referee,

granted plaintiff's separate motion for a default judgment against defendant Scott St. John, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion to confirm denied, the motion for a default judgment denied, and the matter remanded for further proceedings. St. John is directed to answer the complaint within 30 days of service of a copy of this order with notice of entry.

On May 12, 2003 plaintiff commenced this action against, among others, defendant Scott St. John. Plaintiff's process server, Harry Torres, attempted to serve St. John on two occasions—September 8 and 9, 2003—at 422 East 89th Street, apartment 4C, New York, NY, before affixing a copy of the summons and complaint to the door of that apartment on September 10, 2003. Torres mailed an additional copy of the initiatory papers to that address two days later. St. John did not answer the complaint.

In April 2004 plaintiff moved for a default judgment against St. John (see CPLR 3215). In opposition St. John asserted that he did not receive any papers relating to the action until May 3, 2004. St. John maintained that he moved from the 422 East 89th Street apartment to a unit at 333 East 95th Street on or about August 15, 2003, approximately three weeks before the alleged efforts to serve him were undertaken. St. John submitted a copy of a lease, executed on August 6, 2003, pursuant to which he leased the unit at 333 East 95th Street for a term commencing on September 1, 2003 and terminating August 31, 2004. In reply, plaintiff argued that, assuming St. John had moved prior to service, he was estopped from asserting that the East 89th Street unit was not his actual dwelling place or usual place of abode. Supreme Court referred the matter to a referee to hear and report with respect to whether St. John was properly served and, if so, whether his default in answering should be excused.

Following a hearing, the Referee found that service on St. John had been effected under CPLR 308 (4) and that St. John failed to demonstrate that his default in answering the complaint should be excused. Supreme Court granted plaintiff's motion to confirm the Referee's report and his initial motion to enter a default judgment against St. John. We reverse.

CPLR 308 (4) "permits a plaintiff to mail duplicate process to the defendant at his last known residence, but clearly requires that the 'nailing' be done at the defendant's 'actual place of business, dwelling place or usual place of abode.' While there may be some question as to whether there is a distinction between 'dwelling place' and 'usual place of abode,' there has

never been any serious doubt that neither term may be equated with the 'last known residence' of the defendant" (*Feinstein v Bergner*, 48 NY2d 234, 239 [1979] [footnote omitted]). The evidence adduced at the hearing overwhelmingly demonstrated that the initiatory papers were affixed not to the door of St. John's actual dwelling place or usual place of abode, but to a prior residence. Accordingly, plaintiff failed to carry his burden of demonstrating, by a preponderance of the evidence (*see Persaud v Teaneck Nursing Ctr.*, 290 AD2d 350 [2002]), that service was properly made (*see Annis v Long*, 298 AD2d 340 [2002]).

Dismissal of the complaint as against St. John for lack of personal jurisdiction, however, is not warranted. St. John failed to notify the Department of Motor Vehicles of his change of address within 10 days of the change as required by Vehicle and Traffic Law § 505 (5). Thus, St. John is estopped from challenging the propriety of service made at the former address (*see Kandov v Gondal*, 11 AD3d 516 [2004]; *see also Williams v Yassky*, 199 AD2d 18 [1993]).

Nevertheless, a default judgment should not be entered against St. John. St. John's affidavit demonstrated both a reasonable excuse for his failure to interpose a timely answer and a potentially meritorious defense to the action (*see CPLR 5015 [a] [1]*). St. John therefore should be given an opportunity to serve an answer to the complaint. Concur—Andrias, J.P., Saxe, Sullivan, Gonzalez and McGuire, JJ.