(July 31, 2007)

■ Hagop Abajian, Respondent, v St. Francis Hospital et al., Defendants, and Marc Davison, Appellant. [840 NYS2d 134]—

In an action to recover damages for medical malpractice, the defendant Marc Davison appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated June 28, 2006, which denied his motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Marc Davison to dismiss the complaint insofar as asserted against him is granted.

The Supreme Court erred in denying the appellant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The appellant was not properly served pursuant to CPLR 308 (4). The summons and complaint were affixed to the door of the appellant's prior residence and not to his "actual place of business, dwelling place or usual place of abode" (CPLR 308 [4]; *see Stillman v City of New York*, 39 AD3d 301 [2007]; *LaSorsa v Corrigan*, 256 AD2d 313, 314 [1998]). Moreover, the attempts to serve the appellant pursuant to CPLR 308 (1) and (2) prior to the employment of the "affix and mail" method of service did not satisfy the "due diligence" requirement set forth in CPLR 308 (4) (*see County of Nassau v Long*, 35 AD3d 787, 787-788 [2006]; *County of Nassau v Letosky*, 34 AD3d 414, 415 [2006]).

In light of our determination, we need not consider the appel-

lant's remaining contentions. Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.