COMMISSIONERS OF STATE INSURANCE FUND, Respondent, v ABDUL KHONDOKER, Doing Business as AKM GENERAL CONSTRUCTION, Appellant. [865 NYS2d 287]—

In an action, inter alia, to recover on an account stated, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered September 6, 2007, as upon, in effect, granting reargument, adhered to its original determination in an order entered February 16, 2006, denying his motion pursuant to CPLR 5015 (a) (4) to vacate a clerk's judgment of the same court entered August 22, 2005, upon his default in appearing or answering the complaint, in favor of the plaintiff and against him in the principal sum of $35,520.27, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint.

Ordered that the order entered September 6, 2007, is reversed insofar as appealed from, on the law, with costs, upon reargument, the defendant's motion pursuant to CPLR 5015 (a) (4) to vacate the clerk's judgment and pursuant to CPLR 3211 (a) (8) to dismiss the complaint is granted, and the order entered February 16, 2006 is modified accordingly.

Upon reargument, the defendant's motion pursuant to CPLR 5015 (a) (4) to vacate the clerk's judgment entered upon his default in appearing or answering, and pursuant to CPLR 3211 (a) (8) to dismiss the complaint, should have been granted. The purported service of process under CPLR 308 (4) was ineffective, since it did not comply with CPLR 308 (4) (*see Feinstein v Bergner*, 48 NY2d 234, 241 [1979]; *Tetro v Tizov*, 184 AD2d 633 [1992]; *Gibson v Salvatore*, 102 AD2d 861, 862 [1984]). The defendant submitted evidence demonstrating that the place where the summons was affixed was not his dwelling place or usual place of abode at the time service was purportedly made. In opposition, the plaintiff's evidence demonstrated that the summons was affixed to the defendant's last known residence. Since the summons was affixed to the door of the defendant's last known residence rather than his usual place of abode, the purported "nail and mail" service was ineffective and personal jurisdiction was not acquired over the defendant (*see In Ja Kim v Dong Hee Han*, 37 AD3d 662 [2007]; *Bank One Natl. Assn. v Osorio*, 26 AD3d 452 [2006]; *European Am. Bank & Trust Co. v Serota*, 242 AD2d 363 [1997]; *2837 Bailey Corp. v Gould*, 143 AD2d 523 [1988]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.