OPINION OF THE COURT
Michael D. Stallman, J.
Petitioner RBC Capital Markets Corporation seeks to confirm an arbitration award rendered in its favor against respondent Brian M. Bittner, a former employee, resulting from an arbitration before NASD Dispute Resolution, Inc. The three-person arbitration panel rendered an award granting petitioner enforcement of the terms of a settlement agreement involving a dispute over a loan that petitioner made to respondent. Two arbitrators signed the award on May 15, 2007; the third arbitrator signed the award on May 16, 2007. Petitioner commenced this proceeding to confirm the award on May 13, 2008.
Respondent moved to dismiss the petition for lack of personal jurisdiction, due to a lack of service, and lack of subject matter jurisdiction, i.e., petitioner allegedly did not seek to confirm the award within one year of when the award was rendered (motion sequence No. 003). Petitioner cross-moved for an extension of the time to serve the pleadings and for an order approving an alternative means of service upon respondent’s attorney. By *730 interim order dated September 29, 2008, the issue of whether respondent was properly served with the notice of petition and petition to confirm the arbitration award was referred to a Special Referee to hear and report with recommendations. The motion and cross motion were held in abeyance pending the report of the Special Referee.
Respondent moves for an order confirming the report of the Special Referee; petitioner cross-moves for an order rejecting the report. This decision addresses the motion and cross motion (sequence No. 005), and also addresses the motion and cross motion previously held in abeyance (sequence No. 003).
Background
The notice of petition and petition to confirm were allegedly served upon respondent by affix and mail service at 7471 Street Highway 80, Cooperstown, New York 13326, the address allegedly listed on respondent’s driver’s license. In addition, respondent was allegedly served by affix and mail service at 27 Bonn Place, Weehawken, New Jersey 07086. Respondent disputed service, claiming that he did not reside where service was made. By interim decision and order dated September 29, 2008, the issue of whether respondent was properly served with the notice of petition and petition to confirm an arbitration award was referred to a Special Referee to hear and report with recommendations.
Included in this issue referred to the Special Referee was the issue of whether respondent should be estopped from claiming defective service for a possible failure to notify the Department of Motor Vehicles of his change of residence, as required by Vehicle and Traffic Law § 505 (5). (Candela v Johnson, 48 AD3d 502, 503 [2d Dept 2008]; Stillman v City of New York, 39 AD3d 301, 303 [1st Dept 2007].) Vehicle and Traffic Law § 505 (5) requires the holder of a driver’s license to report a change of address to the New York State Department of Motor Vehicles within 10 days of the change of address. The matter was assigned to Special Referee Louis Crespo, who held a hearing on December 9, 2008, and issued his report and recommendation dated January 2, 2009.
At the hearing, an investigator testified on behalf of respondent. The investigator testified that a motor vehicle license search revealed an address for respondent: 7471 Street Highway 80, Cooperstown, New York 13326. (Report at 2 [Findings of Fact ¶ 4].) Respondent stipulated that he did not notify the New *731 York State Department of Motor Vehicles when he moved from the Cooperstown, New York address, as required under Vehicle and Traffic Law § 505 (5). (Id. at 4 [Findings of Fact ¶ 12].) Petitioner submitted an affidavit of service at the Cooperstown, New York address, which the Referee found indicated affix and mail service after prior attempts of personal delivery at the address. {Ibid. [Findings of Fact ¶ 11].)
The Special Referee concluded that “the estoppel rule (or defense) under Vehicle and Traffic Law § 505 (5) is not germane to this proceeding.” (Report at 7 [Conclusions of Law ¶ 9].) Reviewing the case law, the Special Referee found that, in cases that involve claims arising from motor vehicle incidents, a licensee was estopped from raising jurisdictional defenses where he or she failed to comply with the notice requirements of Vehicle and Traffic Law § 505 (5), when the licensee is sued for damages. (Report at 7 [Conclusions of Law ¶ 8].) The Special Referee concluded that he
“found no case law to suggest that Vehicle and Traffic Law § 505 (5) is applicable to all actions (tort, contract, landlord tenant, mortgages, subrogation, etc.) against a party who once held a New York license and who has since moved from the last known address noted on his, her or its New York license.” (Ibid. [Conclusions of Law ¶9].)
As to service at the Weehawken, New Jersey address, the Special Referee found that petitioner did not demonstrate due diligence in ascertaining whether respondent resided at the Weehawken address in June 2008, when affix and mail service was made. {Id. at 9 [Conclusions of Law ¶ 16].) Accordingly, the Special Referee concluded that petitioner failed to carry its burden of demonstrating that service upon respondent was properly made.
I
“It is well settled that the report of a Special Referee shall be confirmed whenever the findings contained therein are supported by the record and the Special Referee has clearly defined the issues and resolved matters of credibility, since the Special Referee is considered to be in the best position to determine the issues presented.” (Nager v Panadis, 238 AD2d 135, 135-136 [1st Dept 1997] [citations omitted].)
*732 However, the court is not bound by the Referee’s recommendation or his or her determination. (Garrick-Aug Assoc. Store Leasing v Shefa Land Corp., 270 AD2d 68, 69 [1st Dept 2000].) CPLR 4403 provides that the court has the power to confirm or reject “in whole or in part. . . the report of a referee to report; may make new findings with or without taking additional testimony; and may order a new trial or hearing.” (See also Matter of Galiber v Previte, 40 NY2d 822, 824 [1976]; Barrett v Stone, 236 AD2d 323, 324 [1st Dept 1997].)
The court does not disturb the Special Referee’s finding that respondent was not properly served at the Weehawken, New Jersey address. The record supports the Referee’s conclusion that the Weehawken, New Jersey address was not respondent’s dwelling place. The Special Referee accepted that respondent resided in West New York, New Jersey, based on a lease which started in April 2008, two months prior to service at the Weehawken, New Jersey address. Although the pleadings may be mailed to the last known address of respondent, the pleadings must be affixed to the respondent’s actual place of business, dwelling place, or usual place of abode. (CPLR 308 [4]; In Ja Kim v Dong Hee Han, 37 AD3d 662 [2d Dept 2007] [personal jurisdiction was not acquired over the defendant because the plaintiffs attempted to serve the defendant at an address that was never the defendant’s dwelling place or usual place of abode].) Therefore, affix and mail service at the Weehawken, New Jersey address was defective.
On the issue of whether service was properly made upon respondent at the address in Cooperstown, New York:
“Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change in residence within 10 days of the change. A party who fails to comply with this provision will be estopped from challenging the propriety of service made at the former address.” (Kandov v Gondal, 11 AD3d 516 [2d Dept 2004]; see e.g. Candela, 48 AD3d at 503; Stillman, 39 AD3d at 303.)
The genesis of this rule can be traced back to McNeil v Tomlin (82 AD2d 825 [2d Dept 1981]), an action arising from a motor vehicle accident. In McNeil, the Appellate Division ruled that the defendant-appellant was estopped from challenging service made to an address for the defendant-appellant, which was obtained from a search of the records of the New York State Department of Motor Vehicles. The Court reasoned that the ap *733 pellant failed to inform the Commissioner of Motor Vehicles of a change of address, as required under Vehicle and Traffic Law § 505 (5), and the defendant-appellant affirmatively misrepresented that the address of record was her current address when she renewed her license, even though she had since moved. The Appellate Division cited, for comparison, Feinstein v Bergner (48 NY2d 234 [1979]) and relied upon Cohen v Arista Truck Renting Corp. (70 Misc 2d 729 [Sup Ct, Nassau County 1972]). In Feinstein v Bergner, the Court of Appeals rejected the argument that the defendant should be estopped from raising a defect in service as a defense, because the plaintiffs “failed to demonstrate that [defendant] engaged in conduct which was calculated to prevent them from learning of his new address.” (Feinstein, 48 NY2d at 241.)
As petitioner points out, the Special Referee was incorrect to say that the line of cases following McNeil v Tomlin is limited solely to motor vehicle accidents. Although the rule originated in cases involving motor vehicle accidents, the rule has been extended to cases which did not involve motor vehicle accidents. (See e.g. Burke v Zorba Diner, 213 AD2d 577 [2d Dept 1995] [plaintiff was assaulted in defendant’s diner].) One of the cases that the Special Referee cited, Stillman v City of New York (39 AD3d 301 [2007]), was not, in fact, a motor vehicle accident case, but rather concerned allegations of false imprisonment, malicious prosecution, abuse of process, and violations of civil rights.
Nevertheless, the court agrees with the Special Referee that the cases are inapplicable to the circumstances at bar. The rationale of McNeil and its progeny is that the failure to comply with Vehicle and Traffic Law § 505 (5) constitutes conduct that prevents a plaintiff from learning of the defendant’s address. (Feinstein, 48 NY2d at 241.) This conclusion cannot be drawn under the circumstances in this case, because respondent moved out of the State of New York and became a resident of another state. The Special Referee accepted respondent’s proof that a lease demonstrated that respondent indeed resided in West New York, New Jersey, a tenancy which began on April 21, 2008, prior to service of the pleadings in this action.
Given the change of respondent’s residency to New Jersey, there would be no scenario where respondent, as a resident of New Jersey, could hold a driver’s license issued by New York *734 bearing a New Jersey address.* Both New York and New Jersey law provide that when a nonresident driver becomes a resident of the state, the driver must apply for a driver’s license issued by the resident state within a certain period of time to maintain driving privileges within the state. (See Vehicle and Traffic Law § 250 [1]; NJ Stat Ann § 39:3-17.1.) New Jersey law provides that the driver’s privileges under a license issued by another state will continue for 60 days after becoming a resident. (NJ Stat Ann § 39:3-17.1.) In addition, both New York and New Jersey are parties to an interstate driver license compact, which provides in article V (3) that states who are parties to the compact may not issue a driver’s license to an applicant if “the applicant is the holder of a license to drive issued by another party state currently in force unless the applicant surrenders such license.” (Vehicle and Traffic Law § 516; NJ Stat Ann § 39:5D-5.)
Section 39:5D-5 article V (3) of the New Jersey Statutes Annotated gives New Jersey residents more time to transfer the out-of-state license than New York gives its own residents to update a change of address for a move within the State of New York. To apply Vehicle and Traffic Law § 505 (5) to respondent would, in effect, deprive him of the benefits of the longer period for updating a change of address granted by a sister state. Thus, compliance with Vehicle and Traffic Law § 505 (5) is not possible under the circumstances.
“The power to license and supervise licensed drivers is a power squarely within the jurisdiction of the State,” which regulates the operation of motor vehicles and drivers within its boundaries. (8 NY Jur 2d, Automobiles § 441; 17 NY Jur 2d, Carriers § 96.) Thus, to rule that respondent, a New Jersey resident, should have complied with Vehicle and Traffic Law § 505 (5) would impliedly extend New York State’s power to regulate drivers beyond the state’s territorial jurisdiction. This would create the anomalous result that, for the purpose of service of process, a nondomiciliary would nevertheless be considered a resident in New York at the address on file with the Department of Motor Vehicles. For all the reasons discussed above, the court concludes that the case law that developed from a driver’s noncompliance with Vehicle and Traffic Law § 505 (5) should not properly be applied to the unique situation presented.
*735 Therefore, respondent’s motion to confirm the report of the Special Referee is granted to the extent of confirming the Special Referee’s finding that the pleadings were not properly served upon respondent.
II
Respondent’s motion to dismiss the petition for lack of jurisdiction and petitioner’s cross motion for an extension of time to serve the notice of petition and petition were held in abeyance pending the determination of the hearing before the Special Referee. In light of the confirmation of the Special Referee’s report, the court now addresses that motion and that cross motion.
“CPLR 306-b, which permits the Supreme Court to extend a plaintiff’s time to serve a summons and complaint for ‘good cause shown or in the interest of justice,’ is applicable where service, timely made within the 120-day period, is subsequently found to have been defective.” (Citron v Schlossberg, 282 AD2d 642 [2d Dept 2001]; see Murphy v Hoppenstein, 279 AD2d 410, 410 [1st Dept 2001].) The decision to grant an extension of time for service is a matter within the court’s discretion. (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101 [2001].)
Petitioner has demonstrated good cause for an extension of the time for service of the pleadings. Service was made upon respondent within the 120-day period of CPLR 306-b, and petitioner moved for an extension of the time sufficiently promptly after respondent raised the issue that service might be defective. The defective service was due to circumstances beyond petitioner’s control, insofar as respondent moved from his last known addresses. (See Brooklyn Hous. & Family Servs. v Lynch, 191 Misc 2d 341 [Sup Ct, Kings County 2002].)
Respondent does not contend that he will suffer any prejudice. For purposes of showing prejudice, it would not avail respondent to argue that the period to confirm the arbitration award has run after the filing of the original petition. (See Spitzer v Dewar Found., 280 AD2d 385 [1st Dept 2001].)
Even assuming that good cause were not shown, an extension is warranted in the interests of justice. Among the relevant factors to be considered are plaintiffs “diligence, or lack thereof, . . . expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiffs request for the extension of time, and prejudice to defendant” (Leader, 97 NY2d at 105-106), and *736 no one factor is determinative. Petitioner made diligent attempts to ascertain respondent’s whereabouts, and attempted to serve respondent at the addresses revealed through its investigation. (American BankNote Corp. v Daniele, 45 AD3d 338, 340 [1st Dept 2007].) Respondent has not articulated a ground for vacatur of the award. As petitioner indicates, it cannot refile this petition to confirm the arbitration award because such a petition would be brought more than one year after the arbitration award was rendered.
Therefore, the court grants petitioner’s cross motion for an extension of time to serve the pleadings, and grants an extension of 120 days from the date of this decision. The branch of petitioner’s motion for an alternative method of service upon respondent is denied, because the residence of the respondent was established at the hearing before the Special Referee. In an exercise of caution, petitioner should investigate if the West New York, New Jersey address remains respondent’s current place of residence.
In light of the court’s decision to grant petitioner an extension of time to serve the notice of petition and petition, respondent’s motion to dismiss the petition for lack of personal jurisdiction is denied, with leave to renew after expiration of the 120-day extension, or after service of the pleadings, whichever occurs first.
Respondent’s argument that the petition should be dismissed as untimely under CPLR 7510 is without merit. The arbitrators signed the award on May 15 and May 16, 2007, and the petition was filed on May 13, 2008. Even assuming that the award was delivered on the day that award was signed, the petition was brought within one year of delivery of the award. Respondent’s reliance on the NASD Dispute Resolution order dated May 8, 2007 is misplaced, because it is not an award for which petitioner sought confirmation. The NASD Dispute Resolution order itself does not set forth any amount to be recovered against respondent.
Finally, it has come to the court’s attention that the proceeding was inadvertently marked “disposed” when the court declined to sign the original order to show cause to confirm the arbitration award. Accordingly, the matter is restored to active status.
Conclusion
Accordingly, it is hereby ordered that respondent’s motion to confirm the report of Special Referee Louis Crespo, dated Janu *737 ary 2, 2009, is granted; and it is further ordered that petitioner’s cross motion to reject the report is denied; and it is further ordered that petitioner’s cross motion for an extension of time to serve the pleadings (motion sequence No. 003) is granted to the extent that petitioner is granted an additional 120 days from the date of this order for service, and the branch of petitioner’s cross motion for an order approving an alternative means of service is denied; and it is further ordered that respondent’s motion to dismiss the petition (motion sequence No. 003) is denied, with leave to renew only on the ground of lack of service or defective service after expiration of the additional 120 days or after service of the pleadings, whichever occurs first; and it is further ordered that the petition is restored to active status; and it is further ordered that the petition to confirm the arbitration award (motion sequence No. 005) is adjourned.

 It is not claimed that respondent held a commercial driver’s license, for which different rules may apply.