In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Nahman, J.), entered January 14, 2013, which *938 denied her motion pursuant to CPLR 306-b for a second extension of time to serve a copy of the summons and complaint upon the defendant El Ouakhomi El Mustapha, and (2) an order of same court entered April 16, 2013, which granted the motion of the defendant El Ouakhomi El Mustapha to dismiss the complaint insofar as asserted against him, and denied her cross motion for leave to reargue her motion for a second extension of time to serve the summons and complaint upon the defendant El Ouakhomi El Mustapha.
Ordered that the appeal from so much of the order entered April 16, 2013, as denied the plaintiffs cross motion for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
Ordered that the order entered January 14, 2013, is reversed, on the facts and in the exercise of discretion, the plaintiffs motion for a second extension of time to serve a copy of the summons and complaint upon the defendant El Ouakhomi El Mustapha is granted, and the plaintiffs time to serve that defendant is extended until 45 days after service upon the plaintiff of a copy of this decision and order; and it is further,
Ordered that the order entered April 16, 2013, is reversed insofar as reviewed, on the law, and the motion of the defendant El Ouakhomi El Mustapha to dismiss the complaint insofar as asserted against him is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
On May 9, 2009, the plaintiff was a passenger in a vehicle owned by the defendant ELRAC, Inc., and operated by the defendant El Ouakhomi El Mustapha (hereinafter El Mustapha), when that vehicle collided with a vehicle owned and operated by the other defendants, causing the plaintiff to sustain personal injuries. The plaintiff commenced this action on January 20, 2012.
On January 31, 2012, a process server attempted to serve El Mustapha at the address set forth on the police accident report, but El Mustapha’s whereabouts were then unknown. The plaintiff moved for an extension of time within which to serve process upon El Mustapha and, in an order dated July 2, 2012, the motion was granted without opposition, and the plaintiffs time to serve El Mustapha was extended until 120 days after July 2, 2012.
On or about November 2, 2012, the plaintiff moved for a second extension of time within which to serve El Mustapha. While that motion was pending, El Mustapha filed an answer dated December 24, 2012, raising as affirmative defenses that *939 he was not served with process, and that the applicable limitations period had since expired. In an order entered January 14, 2013, the plaintiffs motion was denied on the ground that “the Court is unaware of any authority authorizing the Court to grant an additional extension” after one extension had already been granted.
By notice of motion dated January 11, 2013, El Mustapha moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, based on the plaintiffs failure to serve process upon him, and based upon the lapse of the three-year statute of limitations applicable to actions to recover damages for personal injuries (see CPLR 214 [5]). The plaintiff cross-moved for leave to reargue her motion for a second extension of time within which to serve El Mustapha. In an order entered April 16, 2013, the Supreme Court granted El Mustapha’s motion and denied the plaintiffs cross motion for leave to reargue.
Contrary to the conclusion of the Supreme Court, there is authority permitting a second extension of time within which to serve copies of a summons and complaint upon a defendant (see Estey-Dorsa v Chavez, 27 AD3d 277 [2006]). Further, while the motion for a second extension of time was pending, El Mustapha, who was represented by counsel, served an answer. Therefore, it is clear that El Mustapha had notice of the commencement of this action against him. There is no indication of prejudice. In view of the foregoing, the plaintiffs motion for a second extension time pursuant to CPLR 306-b should have been granted (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; Cooper v New York City Bd. of Educ., 55 AD3d 526, 527 [2008]; Beauge v New York City Tr. Auth., 282 AD2d 416 [2001]), and El Mustapha’s subsequent motion to dismiss the complaint insofar as asserted against him should have been denied.
Eng, EJ., Austin, Hinds-Radix and LaSalle, JJ., concur.