Chan v Zoubarev (2018 NY Slip Op 00402)





Chan v Zoubarev


2018 NY Slip Op 00402


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2016-08899
 (Index No. 13743/14)

[*1]Freida Chan, respondent, 
v
Valeri Zoubarev, appellant.


Rosenbaum & Taylor, P.C., White Plains, NY (Dara L. Rosenbaum of counsel), for appellant.
Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora and Giovanna Colasanto of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated January 8, 2016. The order denied the defendant's motion pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint for lack of personal jurisdiction and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint for lack of personal jurisdiction, and the plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. The Supreme Court denied the defendant's motion and granted the plaintiff's cross motion. The defendant appeals.
The defendant correctly contends that the plaintiff's purported service of the summons and complaint upon him pursuant to CPLR 308(4) was defective, as the defendant submitted unrebutted evidence that the place where service was attempted and where the summons and complaint were affixed was not his dwelling place or usual place of abode at the relevant time (see Commissioners of State Ins. Fund v Khondoker, 55 AD3d 525, 526; In Ja Kim v Dong Hee Han, 37 AD3d 662; Venerri v Gallo, 23 AD3d 376).
Nevertheless, the Supreme Court providently exercised its discretion in denying the defendant's motion to dismiss the complaint and granting the plaintiff's cross motion to extend the time to serve the summons and complaint upon the defendant. Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). If service is not made within the time provided, the court, upon motion, must dismiss the action without prejudice, or "upon good cause shown or in the interest of justice, extend the time for service" (id.). "An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101). Here, while the action was timely commenced, the statute of limitations had expired when the plaintiff cross-moved for relief, the timely service of process was subsequently found to have been defective, and the defendant had actual notice of the action within 120 days of commencement of the action (see Singh v Trahan, 153 AD3d 961; Selmani [*2]v City of New York, 100 AD3d 861, 862; Dhuler v ELRAC, Inc., 118 AD3d 937, 939). Moreover, there was no prejudice to the defendant attributable to the delay in service (see Singh v Trahan, 153 AD3d at 961; Selmani v City of New York, 100 AD3d at 862; Dhuler v ELRAC, Inc., 118 AD3d at 939).
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court