Handler v Whelan (2024 NY Slip Op 02044)

Handler v Whelan

2024 NY Slip Op 02044

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-02764
 (Index No. 615634/17)

[*1]Martha Handler, appellant, 
v
Margaret Whelan, respondent.

Kriegsman P.C., Sag Harbor, NY (Alex Kriegsman of counsel), for appellant.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Christopher Kelley and Joan M. McGivern of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated January 28, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for leave to renew her prior motion pursuant to CPLR 5015(a)(4) to vacate a judgment of the same court entered January 29, 2018, upon her failure to appear or answer the complaint, which had been denied in an order of the same court dated September 13, 2019, and, upon renewal, in effect, vacated the order dated September 13, 2019, and thereupon granted the defendant's prior motion.
ORDERED that the order dated January 28, 2020, is affirmed insofar as appealed from, with costs.
In August 2017, the plaintiff commenced this action to recover damages for breach of contract. An affidavit of service reflected that after several unsuccessful attempts at service by delivery upon the defendant or a person of suitable age and discretion, the process server affixed a copy of the summons and complaint to the door of certain premises at West 10th Street in Manhattan and mailed a copy to the same address. The defendant failed to appear or answer the complaint, and the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against the defendant. A judgment was entered on January 29, 2018, in favor of the plaintiff and against the defendant.
In August 2019, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment. In an order dated September 13, 2019, the Supreme Court denied the motion with leave to renew upon the submission of supplemental evidence demonstrating, in effect, that the defendant had not been properly served pursuant to CPLR 308(4). The defendant thereafter moved, inter alia, for leave to renew her prior motion pursuant to CPLR 5015(a)(4) to vacate the judgment. In an order dated January 28, 2020, the court, among other things, granted that branch of the defendant's motion which was for leave to renew and, upon renewal, granted her prior motion pursuant to CPLR 5015(a)(4) to vacate the judgment. The plaintiff appeals.
The Supreme Court providently exercised its discretion in granting that branch of the [*2]defendant's motion which was for leave to renew her prior motion pursuant to CPLR 5015(a)(4) to vacate the judgment, since the prior motion had been denied without prejudice to renew (see Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 562; see also Adler v Oxford Health Plans [NY], Inc., 216 AD3d 710, 711).
Upon renewal, the Supreme Court properly granted the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the judgment. "'Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308'" (Bank of Am., N.A. v Genzler, 188 AD3d 634, 635, quoting Indymac Fed. Bank, FSB v Jones, 173 AD3d 702, 703; see Commissioners of State Ins. Fund v Khondoker, 55 AD3d 525, 526). "Where service is effected pursuant to CPLR 308(4), the affix and mail method, the plaintiff must demonstrate that the summons was affixed to the door of the dwelling place or usual place of abode of the person to be served and mailed to such person's last known residence" (U.S. Bank N.A. v Henry, 219 AD3d 854, 857; see CPLR 308[4]). "The 'dwelling place' is one at which the defendant is actually residing at the time of delivery" (Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 777). "The 'usual place of abode' is a place at which the defendant lives with a degree of permanence and stability and to which he [or she] intends to return" (id.).
Here, the evidence submitted in support of the defendant's motion, inter alia, for leave to renew established that the premises at which the summons and complaint were affixed was not the defendant's dwelling place or usual place of abode at the time service was purportedly made, and therefore service was defective (see CPLR 308[4]; Chan v Zoubarev, 157 AD3d 851, 851; Commissioners of State Ins. Fund v Khondoker, 55 AD3d at 526). In opposition, the plaintiff submitted evidence that the summons and complaint were affixed to the defendant's last known address. Contrary to the plaintiff's contention, the purported reasonableness of the plaintiff's belief that she was effecting service at a proper address "does not transform an improper service address into a proper one" (Everbank v Kelly, 203 AD3d 138, 147). Since the summons and complaint were affixed to the defendant's last known address rather than her dwelling place or usual place of abode, the purported service was ineffective, and personal jurisdiction was not acquired over the defendant (see Feinstein v Bergner, 48 NY2d 234, 241; Commissioners of State Ins. Fund v Khondoker, 55 AD3d at 526).
The parties' remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court