Morelos v DW Fort Lee, LLC (2024 NY Slip Op 03042)

Morelos v DW Fort Lee, LLC

2024 NY Slip Op 03042

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-05324
 (Index No. 714906/18)

[*1]Jose Morelos, etc., et al., respondents, 
v
DW Fort Lee, LLC, et al., appellants.

Rosenberg & Estis, P.C., New York, NY (Jeffrey Turkel and Ethan R. Cohen of counsel), for appellants.
Grimble & LoGuidice, LLP, New York, NY (Robert Grimble of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for rent overcharges, the defendants appeal from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered May 3, 2023. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for leave to renew their prior motion for class certification, which had been denied in an order of the same court (Bruce M. Balter, J.) dated July 25, 2019, and, upon renewal, in effect, vacated the order dated July 25, 2019, and thereupon granted the plaintiffs' prior motion for class certification.
ORDERED that the order entered May 3, 2023, is affirmed insofar as appealed from, with costs.
In October 2018, the plaintiffs, tenants of a residential building in Queens (hereinafter the premises), commenced this putative class action on behalf of themselves and others similarly situated against the defendants, the owners of the premises. The plaintiffs sought, inter alia, a judgment declaring that the plaintiffs' units in the premises are subject to rent stabilization laws and damages for rent overcharges. After issue was joined, the plaintiffs moved for class certification. In an order dated July 25, 2019, the Supreme Court denied the plaintiffs' motion for class certification "without prejudice and with leave to renew."
Thereafter, the plaintiffs moved, inter alia, for leave to renew their motion for class certification. In an order entered May 3, 2023, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for leave to renew and, upon renewal, granted the plaintiffs' motion for class certification. The defendants appeal.
The Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was for leave to renew, since the plaintiffs' prior motion for class certification had been denied without prejudice and with leave to renew (see Adler v Oxford Health Plans [NY], Inc., 216 AD3d 710, 711; Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 562-563; see also Handler v Whelan, ___ AD3d ___, 2024 NY Slip Op 02044 [2d Dept]).
The defendants' remaining contention is without merit.
IANNACCI, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court