Golden Eagle Capital Corp. v Paramount Mgt. Corp. (2024 NY Slip Op 04546)

Golden Eagle Capital Corp. v Paramount Mgt. Corp.

2024 NY Slip Op 04546

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-03090
2022-09873
2022-09874
 (Index No. 715890/17)

[*1]Golden Eagle Capital Corp., respondent,
v
Paramount Management Corp., et al., defendants, Yin Fong, appellant.

Sherwood & Truitt Law Group, LLC, Garden City, NY (Thomas G. Sherwood and Jenna A. Gallagher of counsel), for appellant.
Einig & Bush, LLP, New York, NY (Dan M. Rice of counsel), for respondent.

DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendant Yin Fong appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered April 8, 2022, (2) an order of the same court entered October 25, 2022, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered October 26, 2022. The order entered April 8, 2022, insofar as appealed from, denied the motion of the defendant Yin Fong for leave to renew those branches of the prior motion of the defendants Yin Fong and Xiao Huan Zhang which were pursuant to CPLR 317 and 5015(a), in effect to vacate (1) so much of an order of the same court (Jaime A. Rios, J.) dated August 21, 2013, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant Yin Fong upon his failure to appear or answer the complaint in an action to foreclose the subject mortgage commenced in 2009, (2) so much of an order of the same court (Thomas D. Raffaele, J.) dated January 22, 2016, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant Yin Fong upon his failure to appear or answer the complaint in a second action to foreclose the subject mortgage commenced in 2014, and (3) so much of an order of the same court (Robert J. McDonald, J.) dated November 15, 2017, as deemed the defendant Yin Fong in default with respect to the instant consolidated action, which had been denied in an order of the same court (Robert J. McDonald, J.) entered February 3, 2022. The order entered October 25, 2022, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denied those branches of the cross-motion of the defendant Yin Fong which were pursuant to CPLR 4403 to reject the referee's report and for a credit in the sum of $491,725, plus interest, against the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, upon, among other things, the order entered February 3, 2022, confirmed the referee's report, with a modification of the sum due to the plaintiff, and directed the sale of the subject property.
ORDERED that the appeals from the orders entered April 8, 2022, and October 25, 2022, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the motion of the defendants Yin Fong and Xiao Huan Zhang which were pursuant to CPLR 317 and 5015(a), in effect, to vacate (1) so much of the order dated August 21, 2013, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant Yin Fong upon his failure to appear or answer the complaint in the action to foreclose the subject mortgage commenced in 2009, (2) so much of the order dated January 22, 2016, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the defendant Yin Fong upon his failure to appear or answer the complaint in the second action to foreclose the subject mortgage commenced in 2014, and (3) so much of the order dated November 15, 2017, as deemed the defendant Yin Fong in default with respect to the instant consolidated action are granted, the orders entered February 3, 2022, and October 25, 2022, are modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.
On April 10, 2008, the defendant Paramount Management Corp. (hereinafter Paramount), the sponsor of a condominium development, executed a promissory note in favor of the plaintiff, which was secured by a mortgage on the condominium development. By deed dated September 3, 2008, before the mortgage was recorded, Paramount conveyed a unit and a parking space in the condominium development to the defendants Yin Fong and Xiao Huan Zhang.
In July 2009, the plaintiff commenced an action against, among others, Paramount, Fong, and Zhang to foreclose the mortgage (hereinafter the 2009 action). Fong and Zhang failed to appear or answer the complaint. In an order dated August 21, 2013, the Supreme Court, inter alia, granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against all nonappearing and nonanswering defendants in the 2009 action, including Fong and Zhang. In July 2014, the plaintiff commenced a second action against, among others, Paramount, Fong, and Zhang to foreclose the mortgage (hereinafter the 2014 action). Fong and Zhang again failed to appear or answer the complaint. In an order dated January 22, 2016, the court, among other things, granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against Fong in the 2014 action. The court then consolidated the 2009 action and the 2014 action into the instant consolidated action. In an order dated November 15, 2017, the court, inter alia, deemed Fong and Zhang in default with respect to the instant consolidated action.
In November 2021, Fong and Zhang moved, inter alia, pursuant to CPLR 317 and 5015(a), in effect, to vacate (1) so much of the order dated August 21, 2013, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against Fong upon his failure to appear or answer the complaint in the 2009 action, (2) so much of the order dated January 22, 2016, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against Fong upon his failure to appear or answer the complaint in the 2014 action, and (3) so much of the order dated November 15, 2017, as deemed Fong in default with respect to the instant consolidated action. The plaintiff opposed the motion and cross-moved, among other things, to discontinue the action insofar as asserted against Zhang and pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Fong. In an order entered February 3, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's cross-motion which was to discontinue the action insofar as asserted against Zhang and denied those branches of the motion of Fong and Zhang.
In March 2022, Fong moved for leave to renew those branches of the prior motion of Fong and Zhang which were pursuant to CPLR 317 and 5015(a), in effect, to vacate (1) so much of the order dated August 21, 2013, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against Fong upon his failure to appear or answer the complaint in the 2009 action, (2) so much of the order dated January 22, 2016, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against Fong upon his failure to appear or answer the complaint in the 2014 action, and (3) so much of the order [*2]dated November 15, 2017, as deemed Fong in default with respect to the instant consolidated action. In an order entered April 8, 2022, the court, among other things, denied Fong's motion. Fong appeals.
In August 2022, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. Fong cross-moved, among other things, pursuant to CPLR 4403 to reject the referee's report and for a credit in the sum of $491,725, plus interest, against the amount due to the plaintiff. In an order entered October 25, 2022, the Supreme Court, inter alia, granted the plaintiff's motion and denied those branches of Fong's cross-motion. Fong appeals.
In an order and judgment of foreclosure and sale, upon, inter alia, the order entered February 3, 2022, the Supreme Court, among other things, confirmed the referee's report, with a modification of the sum due to the plaintiff, and directed the sale of the property. Fong appeals.
The appeals from the orders entered April 8, 2022, and October 25, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"Service of process must be made in strict compliance with statutory methods for effecting personal service upon a natural person pursuant to CPLR 308" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897 [internal quotation marks omitted]; see Castillo-Florez v Charlecius, 220 AD3d 1, 6). "[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897 [internal quotation marks omitted]; see Rattner v Fessler, 202 AD3d 1011, 1016). "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897 [internal quotation marks omitted]).
Here, in support of those branches of the motion of Fong and Zhang which were pursuant to CPLR 317 and 5015(a) to vacate Fong's default, Fong established that he was not properly served in the 2009 action and the 2014 action (see Handler v Whelan, 226 AD3d 880; Commissioners of State Ins. Fund v Khondoker, 55 AD3d 525, 526; DeFilippo v Plaza Sea, 278 AD2d 445, 445). In opposition, the plaintiff failed to rebut that showing. Accordingly, the Supreme Court should have granted those branches of the motion of Fong and Zhang which were pursuant to CPLR 317 and 5015(a), in effect, to vacate (1) so much of the order dated August 21, 2013, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against Fong upon his failure to appear or answer the complaint in the 2009 action, (2) so much of the order dated January 22, 2016, as granted that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against Fong upon his failure to appear or answer the complaint in the 2014 action, and (3) so much of the order dated November 15, 2017, as deemed Fong in default with respect to the instant consolidated action (see Handler v Whelan, 226 AD3d at 882). Because the court denied those branches of the motion, it did not consider that branch of the plaintiff's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon Fong. Under the circumstances, the matter must be remitted to the Supreme Court, Queens County, for a determination of that branch of the plaintiff's cross-motion, which remains pending and undecided (see Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist., 121 AD3d 1110, 1114).
In light of the foregoing, Fong's remaining contentions need not be reached.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court